*919 OPINION OF THE COURT
Edward W. McCarty, III, J.
PACTS
During the early morning hours of June 17, 1989 in the course of his employment with the Metropolitan Suburban Bus Authority (MSBA) the defendant, Melvin Lightfoot, drove his MSBA vehicle into the wall of the home owned by Mercellus Courtney at 354 Pennsylvania Avenue, Roosevelt, New York. As a result of the accident, Mr. Courtney sustained $19,309.98 worth of structural damages to his home and $5,955.35 to its contents. Within a month of the incident, Mr. Courtney had been fully compensated for his damages by his own insurance company, the CIGNA Insurance Company.
On November 25, 1989, the defendant was found guilty after trial of violating section 1192 (3) of the Vehicle and Traffic Law, a misdemeanor. On July 2, 1990 a restitution hearing was held before this court to determine the amount, if any, of restitution to be paid by the defendant as a result of his activities during the early morning hours of June 17th. The defendant contended during the hearing that he is not liable for any restitution to CIGNA due to the fact that prior to the restitution hearing CIGNA, as subrogee of Mr. Courtney’s claim, brought suit against him and MSBA in the New York State Supreme Court where the action was dismissed as falling outside the Statute of Limitations.
LAW
This court will review the pertinent statutory and common law in regard to restitution before resolving the issue of whether a criminal court may order restitution when the claim cannot be supported in civil court due to procedural requirements.
Restitution should be ordered to restore the victims of criminal activity to their previctimization state. Penal Law § 60.27 (1) states: "the court shall consider restitution to the victim of the crime and may require restitution as part of the sentence imposed upon a person convicted of an offense, and after providing the district attorney with an opportunity to be heard in accordance with the provisions of this subdivision, require the defendant to make restitution of the fruits of his offense or reparation for the loss or damage caused thereby.”
Subdivision (2) of that statute adds: "Whenever the court *920 requires restitution or reparation to be made, the court must make a finding as to the fruits of the offense or the loss or damage caused by the offense. If the record does not contain sufficient evidence to support such finding or upon request by the defendant, the court must conduct a hearing upon the issue”.
As a result of the restitution hearing this court has determined that the defendant is liable for restitution to compensate for his criminal activity. Although the conviction for a misdemeanor will usually limit restitution requirements to $5,000 this court had determined that good cause has been shown during the hearing to impose a greater restitution requirement. Subdivision (5) (a) of Penal Law § 60.27 gives a local criminal court the ability to impose restitution beyond the $5,000 limitation. It states: "the amount of restitution or reparation required by the court shall not exceed ten thousand dollars in the case of a conviction for a felony, of five thousand dollars in the case of a conviction for any offense other than a felony.”
Subdivision (5) (b) though adds: "The court in its discretion may impose restitution or reparation in excess of the amounts specified in paragraph (a) of this subdivision, provided however that the amount in excess must be limited to the return of the victim’s property, including money, or the equivalent value thereof’.
The restitution hearing also established that the financial loss, incurred due to the defendant’s criminal activity, was borne by the CIGNA Insurance Company. Upon paying the claimant the insurance company is as much a victim of the defendant’s criminal action as is the claimant. In People v Hall-Wilson (69 NY2d 154), the Court of Appeals upheld the exercise of discretion of the sentencing court who ordered that restitution be made to the employer of the defendant who had reimbursed the actual victim for the loss. In Hall-Wilson, the defendant contended that Penal Law § 60.27 should be strictly construed to preclude restitution to anyone other than the direct victim of the crime. The court in rejecting this argument held that the provisions of the Penal Law in regard to restitution " 'must be construed according to the fair import of their terms to promote justice and effect the objects of the law.’ ” (69 NY2d, at 157.)
The Appellate Division, Second Department, has specifically sanctioned court-ordered restitution to an insurance *921 company who reimbursed the actual victim for his loss. In People v Cherry (126 AD2d 659), the court held that "[i]t was not an abuse of discretion to require that a portion of the restitution be paid to the victim’s insurance carrier. The carrier reimbursed the victim for the damage to her car and was, therefore, a 'victim’ under Penal Law § 60.27 (1) and § 65.10 (2) (g)”. In People v Bowden (131 AD2d 581), the court held that a defendant could be ordered to pay restitution directly to a victim’s insurance company where the victim had been reimbursed by the insurer for the bills of his loss, and did not seek restitution, while the insurer sought restitution for the amount paid to the victim. It, therefore, appears clear that the exercise of discretion by the sentencing court in requiring restitution to an insurance company represents the only fair and equitable outcome in compensating the party who pays the economic cost for criminal activity.
The Penal Law and its legislative history is silent on any implication that the predication of a procedural civil remedy is required in order to be entitled to restitution. The cost of the fruits of the offense, or the loss or damage caused by the criminal conduct, establishes the criteria for restitution and not the ability of a crime victim to maintain the procedural requirements for a civil action. Payment of restitution under Penal Law § 60.27 does not limit civil actions for a crime victim to seek further economic remedies after liinited restitution has been paid and the procedural requirements for such a civil action are unaffected by the prior order of restitution. The two avenues for restitution, civil remedy and sentencing-court imposed, are separately recognized legal avenues the predication of which must be reviewed by the appropriate sentencing court or civil forum.
Therefore, the defendant is ordered to make $25,260.93 in restitution as a condition of his probation.