[636 NYS2d 99]

In the Matter of MARCIA MEENGS BAKKER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 29, 1995

#### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Dianne Saccone* of counsel), for petitioner.

*Marcia Meengs Baker,* Riverhead, respondent *pro se.*

#### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by the Appellate Division, Second Judicial Department, on March 16, 1988.

In this proceeding, the respondent is charged with four allegations of professional misconduct. The Special Referee sustained all four charges. The petitioner moves to confirm the report of the Special Referee. The respondent submits an affirmation in opposition to the petitioner's motion to confirm.

Charge One alleged that the respondent failed to promptly reimburse the unused portion of a retainer and subsequently ignored a judgment of the Small Claims Court against her directing that she refund the retainer funds. The respondent was retained by a client in August 1990 regarding a matrimonial matter. The client paid the respondent a $500 retainer. By letter dated October 19, 1990, the client was informed by the respondent's daughter that the respondent was in the hospital and unable to represent her and was further advised that the "matter of your retainer" would be addressed shortly. By letter dated January 27, 1991, the client wrote the respondent seeking information about her still unpaid refund. After receiving no response, the client filed a complaint with the Grievance Committee. The respondent did not provide a timely response to the Committee and was served with a subpoena compelling her appearance at a deposition.

The respondent testified at a deposition conducted on July 30, 1991, and stated that she would have funds available to refund to the client shortly. A Letter of Admonition was personally delivered to the respondent by the Chairman of the Committee, and the respondent was advised that she must pay the client. In June 1993, the client informed the Committee that only $150 of the requested $500 was returned to her and the respondent was informed by the Committee that the complaint was reopened.

On October 13, 1993, the client obtained a judgment against the respondent in Small Claims Court for $350. By letter dated February 15, 1994, the client informed the Committee that although the respondent sent her a money order for $175 along with $20 in cash, the remaining $155 was still outstanding. The respondent's failure to provide her client with a timely refund and her failure to comply with the Small Claims judgment filed against her is a violation of Code of Professional Responsibility DR 9-102 (C) (4) (22 NYCRR 1200.46) and DR 1-102 (A) (1), (5) and (7) (now [8]) (22 NYCRR 1200.3).

Charge Two alleged that the respondent failed to comply with court directions. By letter dated April 12, 1994, an Assistant Suffolk County Attorney, filed a complaint against the respondent as it related to her representation of a client. The As-

sistant County Attorney stated that despite a court order directing the respondent to serve papers on the County, in connection with her representation of a client, by April 8, 1994, the respondent failed to effect mail or personal service until April 12, 1994. The respondent's failure to effect service in person or by mail in a timely manner as ordered by the court is a violation of Code of Professional Responsibility DR 1-102 (A) (5).

Charge Three alleged that the respondent has not reregistered as an attorney with the Office of Court Administration as required by Judiciary Law § 468-a. The records of the Office of Court Administration reflect that the respondent has not fulfilled her obligation to reregister since 1988. The respondent violated Judiciary Law § 468-a and Code of Professional Responsibility DR 1-102 (A) (8) by her failure to properly reregister.

Charge Four alleged that the respondent failed to cooperate with the Grievance Committee for the Tenth Judicial District in their investigation of the complaints filed against her.

After reviewing the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee should be granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's arguments and explanations. We also note that the respondent has submitted proof that she has reregistered with the Office of Court Administration and is current in her biennial fee obligations. She has also repaid all sums due and owing to her client. It is the determination of this Court that the respondent be censured for her misconduct.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Marcia Meengs Bakker, is censured for her professional misconduct.