■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH HOLLAND, as Commissioner of the New York State Division of Housing and Community Renewal, Appellant-Respondent, v PARKWAY MOBILE HOMES, INC., et al., Respondents-Appellants, et al., Respondents. [666 NYS2d 335] —Mikoll, J. P. Cross appeals from a judgment of the Supreme Court (Hughes, J.), entered October 1, 1996 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to Real Property Law § 233, for, *inter alia*, a permanent injunction.

At issue on this appeal is the Statute of Limitations period applicable to petitioner's proceeding against respondents pursuant to Real Property Law § 233 and the viability of defenses raised thereto by respondents. Respondents are the owner and operator of a mobile home park located in Rockland County, the regulation of which is governed by Real Property Law § 233; petitioner is charged with enforcement thereof.

As required by Real Property Law § 233, respondents registered with the State Division of Housing and Community Renewal and filed a copy of the written rules and regulations of the park. Included in the park's rules was a provision which provided for the payment of a $2,000 "common element charge" by new tenants of the park. Such charge was not imposed upon those tenants who purchased mobile homes from respondents,

but only upon those incoming tenants who purchased existing homes in the park on resale from other tenants. The funds collected by respondents were deposited into a capital improvement fund and used for repairs, maintenance, and services such as garbage collection and recycling. Thus, while the improvements and services funded by this fee redounded to the benefit of all tenants, only a portion of the tenants were required to pay for them.

Upon learning of the uneven application of this rule through tenant complaints, petitioner initiated this proceeding seeking a permanent injunction prohibiting respondents from collecting the common element charge, restitution to all tenants from whom the fee had been collected and civil penalties and statutory allowances. Petitioner alleged that the common element charge violated Real Property Law § 233 (g) (1), which prohibits charges to tenants not reasonably related to services actually rendered, and Real Property Law § 233 (f) (2), requiring a mobile home park's rules to be applied uniformly to all tenants.

Following a hearing, Supreme Court found the rules of the park to be in violation of Real Property Law § 233, granted the permanent injunction, imposed civil penalties and allowances, and directed restitution to those tenants whose payments were made within the three-year Statute of Limitations period the court applied pursuant to CPLR 214 (2). These cross appeals ensued.

Petitioner contends that respondents should be estopped from asserting a Statute of Limitations defense because of their affirmative misrepresentations to tenants concerning the common element charge, but that, in any event, a six-year limitation period applies under a theory of constructive fraud. Respondents contend that the defenses of laches and equitable estoppel bar any imposition of liability.

We affirm. Supreme Court correctly determined the applicable Statute of Limitations pursuant to CPLR 214 (2), which creates a three-year period for actions to recover upon a statutorily-created liability. "[T]he pertinent inquiry is whether the statute creates a liability 'for wrongs not recognized in the common or decisional law,' and which would not exist but for the statute" (*Hartnett v New York City Tr. Auth.*, 86 NY2d 438, 444, quoting *State of New York v Cortelle Corp.*, 38 NY2d 83, 86). The very basis of petitioner's proceeding is the violations of Real Property Law § 233, enacted specifically to provide protection for tenants of mobile home parks. Since these causes of action "would not exist but for a statute", the applicability of

CPLR 214 (2) is clear (*Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 174). Petitioner, in arguing for a six-year period of limitation, contends that the statute merely codified existing law, under which the tenants had a right to restitution under a common-law theory of constructive fraud. This strained argument is unsupported by the record, including the allegations of the original petition, and is internally inconsistent with petitioner's arguments relating to the specific tenant protections afforded under the Real Property Law § 233 legislation. Petitioner's equitable estoppel argument, first raised in its motion to reargue, is unsupported by any findings by the court below as to fraud or misrepresentation by respondents.

Rejection of respondents' defense of laches was likewise proper. While acknowledging the well-settled law that laches may not be invoked against a governmental agency seeking to enforce a regulation designed for the protection of the public (*see, Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, *cert denied* 476 US 1115; *Flacke v NL Indus.*, 228 AD2d 888), respondents argue that by virtue of their annual filings of the park's rules (which contained the offending provisions), petitioner was in a position to review same for compliance, and having failed to do so should now be estopped from asserting any violation therein. While we agree generally with respondents that the fact that petitioner is a "complaint driven" agency, as opposed to a pro-active one, is of no relevance to this issue, we do not find any unusual, unique or mitigating circumstances requiring the equitable remedy of estoppel to prevent manifest unfairness or injustice.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.