■ MARIE E. RUSSO, Appellant, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent. [711 NYS2d 254] —Crew III, J. P. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered May 1, 1997 in Tompkins County, which partially granted defendant's motion to dismiss the complaint, (2) from an order of said court, entered December 4, 1998 in Tompkins County, which denied plaintiff's motion to certify the proposed class, and (3) from an order of said court, entered February 2, 1999 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1989 plaintiff purchased an N-Pay life insurance policy (also known as a vanishing premium policy) from defendant. With an N-Pay life insurance policy, the insured pays premiums for a projected period of time, until the "Nth" year, at which time premiums no longer are required because dividends earned on the previous premium payments suffice to pay all future premiums.

When plaintiff learned that she would be required to make premium payments beyond the seven-year projection with which she had been presented, she commenced this action alleging numerous causes of action, including violations of Insurance Law § 4226 and General Business Law § 349. Defendant moved to dismiss the complaint on the ground that, *inter alia*, it failed to state a cause of action. Supreme Court partially granted defendant's motion insofar as it dismissed, *inter alia*, the General Business Law § 349 cause of action. Plaintiff thereafter moved for class certification, which motion was denied. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the remaining causes of action

contained in plaintiff's complaint. Supreme Court granted defendant's motion and this appeal by plaintiff ensued.*

We affirm but for reasons other than those elucidated by Supreme Court. We agree with defendant's contention that plaintiff's General Business Law § 349 cause of action is barred by the Statute of Limitations. In our view, there can be no doubt that General Business Law § 349 is a creature of statute (*see, Gaidon v Guardian Life Ins. Co.*, 94 NY2d 330, 343) and that the three-year limitations period set forth in CPLR 214 (2) applies to a cause of action predicated thereon (*see, Avdon Capitol Corp. v Nationwide Mut. Fire Ins. Co.*, 240 AD2d 353, 354). While we are not unsympathetic to plaintiff's contention that she was unable to discern defendant's alleged deceptive practices within three years of the time she purchased her policy of insurance, we nevertheless are constrained by the dictates of CPLR 201 and cannot extend the applicable Statute of Limitations by adopting a discovery rule in this case (*see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 43).

We likewise conclude that the three-year Statute of Limitations provided for in CPLR 214 (2) applies to plaintiff's Insurance Law § 4226 cause of action and, thus, such cause of action is time barred. The rationale employed by the Court of Appeals in *Gaidon v Guardian Life Ins. Co.* (94 NY2d 330, *supra*) in analyzing General Business Law § 349, in our view, is equally apt to Insurance Law § 4226. As the Court of Appeals stated: "In addressing the primary issues in these appeals, we must examine the components of both General Business Law § 349 and common-law fraudulent inducement. Although a person's actions may at once implicate both, General Business Law § 349 contemplates actionable conduct that does not necessarily rise to the level of fraud. In contrast to common-law fraud, General Business Law § 349 is a creature of statute based on broad consumer-protection concerns * * *. Although General Business Law § 349 claims have been aptly characterized as similar to fraud claims * * * they are critically different in ways illustrated by the cases at bar" (*Gaidon v Guardian Life Ins. Co.*, *supra*, at 343 [citations omitted]). As with a General Business Law § 349 claim, no proof of fraudulent intent is required to sustain an Insurance Law § 4226 violation, which is a critical distinction for Statute of Limitations purposes. Accordingly, inasmuch as Insurance Law § 4226 creates a liability

---

* While plaintiff appealed from all aspects of each of Supreme Court's orders, her brief is limited to dismissal of her General Business Law § 349 and Insurance Law § 4226 claims.

for wrongs not recognized at common law, it is a creature of statute subject to the limitations period contained in CPLR 214 (2) (*see generally*, *People ex rel. Holland v Parkway Mobile Homes*, 245 AD2d 862, 863-864). Indeed, in *Goldberg v Manufacturers Life Ins. Co.* (242 AD2d 175, 180, *lv dismissed and denied* 92 NY2d 1000), the First Department held that Insurance Law § 2123 (containing identical language as that contained in Insurance Law § 4226 but proscribing actions of agents or representatives rather than insurers) is governed by the three-year Statute of Limitations provided for in CPLR 214 (2).

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs. [*See,* 178 Misc 2d 772.]