■ RICHARD WENDER, Appellant-Respondent, v GILBERG AGENCY et al., Respondents-Appellants. [716 NYS2d 40] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered September 3, 1999, which, insofar as appealed by plaintiff insured (Wender), granted the motion of defendant insurance agent (Balberg) to dismiss the complaint as against him to the extent it asserts common-law fraud, and, insofar as appealed by defendants insurance agency and its principal (Gilberg) and by Balberg, denied their motions to dismiss the remainder of the complaint, unanimously modified, on the law, to reinstate the complaint to the extent it asserts fraud as against Balberg, and to dismiss all claims brought pursuant to General Business Law § 349, and otherwise affirmed, without costs.

Plaintiff alleges that Balberg, an insurance agent working for The Gilberg Agency, solicited him to buy a disability insurance policy from Northwestern Mutual Life Insurance Co. Wender advised Balberg that he wanted disability insurance that would provide benefits if he were disabled as an ophthalmic surgeon even if he were not otherwise disabled as an ophthalmologist. Wender had obtained a disability policy from Mutual Benefit Life Insurance Co. on his own, but surrendered that policy in order to purchase the Northwestern policy because Balberg advised him that the Northwestern policy was superior. The gist of the alleged fraud is that defendants did not disclose to Wender that Gilberg's contract with Northwestern prohibited Gilberg and its agents from selling non-Northwestern policies. Not long after purchasing the Northwestern policy, Wender was injured in a water skiing accident, and sought and received disability benefits from Northwestern. Subsequently, however, Northwestern sued Wender in Federal court to recover the benefits paid on the ground that he was not totally disabled from practicing ophthalmology. Allegedly, the Mutual Benefit policy would have paid plaintiff the benefits he claims.

During the course of discovery in the Federal action, Wender became aware of the agreement that restricted Balberg from selling non-Northwestern policies, and sought to amend his answer therein to implead the Gilberg defendants and Balberg. The Magistrate to whom the matter had been referred for discovery supervision denied the request, which was not made

by notice of motion but only by letter, and which did not include a copy of the proposed amended pleading. The Magistrate opined that the alleged fraud did not cause Wender any harm since Wender had received various policies and obtained advice from different sources in seeking disability insurance, but, tellingly, the Magistrate also noted that adding new parties would involve additional depositions and discovery, and denied the request as futile "and in view of the late stage of discovery".

Wender then instituted this action alleging fraud and violation of Insurance Law § 2123 in the first cause of action and violation of General Business Law § 349 in the second cause of action. Defendants moved to dismiss on the grounds of, *inter alia*, collateral estoppel and the Statute of Limitations. The IAS Court dismissed so much of the first cause of action as asserts fraud on the ground of collateral estoppel, finding that the Federal court had addressed such claim and rejected it.

While the Magistrate touched upon the merits of the fraud claim with his observations about the lack of causation, the request to amend came as the discovery deadline was approaching, and the Magistrate was not inclined to extend discovery to bring in new parties. In addition, before the request to amend was made, the only issue in the Federal action was whether Northwestern had been defrauded by Wender, not whether any of Northwestern's agents had committed fraud in failing to advise Wender of the restrictions in its agency relationship with Gilberg. It therefore appears that Wender, in the Federal action, was not allowed to raise the fraud claim he makes in this action, let alone given a full and fair opportunity to litigate it (see, *Matter of Juan C. v Cortines*, 89 NY2d 659, 667). Accordingly, we find that the fraud claim is not barred by collateral estoppel.

The limitations period on the fraud claim is two years measured from the date that Wender discovered, or could with reasonable diligence have discovered, the restriction against Balberg's selling of non-Northwestern policies (CPLR 213 [8]; 203 [g]). Defendants failed to establish that the action was not commenced within such two-year period.

Plaintiff's claims under General Business Law § 349, however, are time-barred as the three-year limitations period set forth in CPLR 214 (2) applies to causes of action predicated thereon and the date of discovery rule is not applicable and cannot serve to extend that limitations period (*see, Cole v Equitable Life Assur. Socy.*, 271 AD2d 271; *Russo v Massachusetts Mut. Life Ins. Co.*, 274 AD2d 878).

Leave to appeal to the Court of Appeals denied; reargument

granted and, upon reargument, the unpublished decision and order of this Court entered on July 20, 2000 (Appeal No. 1315) recalled and vacated and a new decision and order substituted therefor. Concur—Rosenberger, J. P., Nardelli, Andrias, Saxe and Buckley, JJ.