OPINION OF THE COURT
 

 Levine, J.
 

 In
 
 Gaidon v Guardian Life Ins. Co.
 
 (94 NY2d 330)
 
 (Gaidon I),
 
 this Court ruled that plaintiffs had pleaded a legally sufficient cause of action against defendant Guardian Life Insurance Company under General Business Law § 349 (h). The complaint alleged that Guardian Life engaged in deceptive marketing and sales practices in promoting sales of its “vanishing premium” policies through agents’ representations and personalized graphic illustrations showing that, after a specified period, “the policy’s dividends would thereafter cover the premium costs”
 
 (id.,
 
 at 339). The
 
 Gaidon
 
 case is now again before us and, along with the appeal in
 
 Russo v Massachusetts Mut. Life Ins. Co.,
 
 presents two issues: (1) whether the three-
 
 *207
 
 year Statute of Limitations provided by CPLR 214 (2) for statutory causes of action, rather than the six-year limitations period provided by CPLR 213 (8) for fraud, applies to a cause of action brought under General Business Law § 349, and (2) whether plaintiffs’ actions accrued when they purchased and received their policies, or when defendant life insurers demanded additional premium payments beyond the dates by which they led plaintiffs to believe that premium payments would “vanish.”
 

 In the
 
 Gaidon
 
 case, the policies at issue were purchased in 1987. Some eight years later, premiums were demanded after the purported date they were to be entirely offset by dividends. Plaintiffs commenced this action on October 8, 1996, asserting claims for breach of contract and common-law fraudulent inducement, as well as their cause of action under General Business Law § 349. Supreme Court granted Guardian Life’s motion to dismiss the complaint in its entirety, and the Appellate Division, First Department, affirmed. We modified by reinstating only plaintiffs’ section 349 cause of action, and remitted to the Appellate Division to consider the other issues raised but not decided on the appeal to that court.
 

 Upon remittal (272 AD2d 60), the Appellate Division affirmed dismissal for lack of standing with respect to several plaintiffs, by reason of their prior execution of general releases to Guardian Life, and as against plaintiff Frank Gaidon, because the policies insuring his life were not purchased or owned by him, but by plaintiff trustees, who did have standing. As to the trustees’ claims under General Business Law § 349, the court reversed Supreme Court’s dismissal of their General Business Law § 349 cause of action, rejecting Guardian Life’s challenge that the action was time-barred. The court held that the three-year period of limitation for statutory causes of action (CPLR 214 [2]) applied, but concluded that the latter claim was timely interposed because the cause of action did not accrue until plaintiffs were required to pay premiums beyond the projected date by which they were assured that the premiums would be fully covered by policy dividends. The Appellate Division granted Guardian Life leave to appeal on the certified question, was its order properly made?
 

 In
 
 Russo v Massachusetts Mut. Life Ins. Co.,
 
 plaintiff, a purchaser of defendant’s vanishing premium “n-pay” Life Insurance policy in 1989, commenced a proposed class action on April 12,1996. The complaint contained causes of action sounding in, among other things, breach of contract, fraud, violations
 
 *208
 
 of Insurance Law §§ 2123 and 4226 (prohibiting misrepresentations by insurers and insurance agents) and a violation of General Business Law § 349. Supreme Court granted Mass Mutual’s motion to dismiss the General Business Law § 349 cause of action, as superseded by their claims under Insurance Law §§ 2123 and 4226; thereafter it denied plaintiffs motion for class certification and, after joinder of issue and discovery, granted Mass Mutual’s motion for summary judgment dismissing all of the remaining causes of action.
 

 On plaintiffs appeals, the Appellate Division, Third Department, affirmed all three of Supreme Court’s orders (274 AD2d 878). Affirmance of the dismissal of plaintiffs General Business Law § 349 claim was on a different ground — that it was time-barred. Like the First Department in
 
 Gaidon,
 
 the court ruled that the applicable Statute of Limitations was the three-year period for statutory causes of action under CPLR 214 (2). The court concluded, however, that plaintiffs section 349 claim accrued when she purchased her policy in 1989 and, hence, was not timely commenced. We granted plaintiff leave to appeal. Only the section 349 claim is before us.
 

 The Applicable Statute of Limitations
 

 The courts below agreed that the plaintiffs’ claims under General Business Law § 349 (h) are “to recover upon a liability * * * created or imposed by statute” (CPLR 214 [2]) and, therefore, are governed by the three-year Statute of Limitations provided in that section. CPLR 214 (2) does not automatically apply to all causes of action in which a statutory remedy is sought, but only where liability “would not exist but for a statute”
 
 (Aetna. Life & Cas. Co. v Nelson,
 
 67 NY2d 169, 174). Thus, CPLR 214 (2) “does not apply to liabilities existing at common law which have been recognized or implemented by statute”
 
 (id.).
 
 When this is the case, the Statute of Limitations for the statutory claim is that for the common-law cause of action which the statute codified or implemented
 
 (see, State of New York v Cortelle Corp.,
 
 38 NY2d 83, 86-87).
 

 Plaintiffs and the Attorney General, appearing as
 
 amicus curiae,
 
 contend that, at its core, General Business Law § 349 (h) merely codifies and affords new remedies for what in essence is a common-law fraud claim. Theyi characterize the only substantive deviation from common-law fraud as being the elimination of the scienter requirement in a claim under section 349. Otherwise, they maintain, the proof of one establishes the other. We disagree.
 

 
 *209
 
 As described in
 
 Matter of Motor Vehicle Acc. Indem. Corp. v Aetna Cas. & Sur. Co.
 
 (89 NY2d 214, 220-221), our case law construing CPLR 214 (2) contrasts:
 

 “(1) claims which, although provided for in a statute, merely codify or implement an existing common-law liability, which are not governed by CPLR 214 (2) but by the Statute of Limitations applicable to their common-law sources; with (2) claims which,
 
 although akin
 
 to common-law causes,
 
 would not exist but for the statute
 
 * * * in which case CPLR 214 (2) applies” (emphasis supplied).
 

 General Business Law § 349, as invoked in this case, falls in the latter category. While General Business Law § 349 may cover conduct “akin” to common-law fraud, it encompasses a far greater range of claims that were never legally cognizable before its enactment. We made this clear in
 
 Gaidon I,
 
 where we said (in comparing common-law fraud to the conduct proscribed by section 349):
 

 “Although a person’s actions may at once implicate both, General Business Law § 349 contemplates actionable
 
 conduct that does not necessarily rise to the level of fraud. In contrast to common-law fraud,
 
 General Business Law § 349 is a creature of statute based on broad consumer-protection concerns * * *. Although General Business Law § 349 claims have been aptly characterized as similar to fraud claims * * *
 
 they are critically different
 
 in ways illustrated by the cases at bar” (94 NY2d, at 343 [emphasis supplied]).
 

 The substantive differences between the claims under General Business Law § 349 here and common-law fraud were most pointedly demonstrated by our disposition of those respective causes of action in
 
 Gaidon I.
 
 There, we held that, because of the disclaimers in the promotional illustrations Guardian Life used in selling its vanishing premium policies, the
 
 misrepresentations
 
 in those materials and by sales agents did not rise to the level necessary to establish a common-law fraud claim. Yet we also held that the disclaimers were not sufficient to dispel the deceptiveness of Guardian Life’s sales practices with respect to the same illustrations for purposes of alleging violation of General Business Law § 349. Thus, despite plaintiffs’ and the Attorney General’s contentions to the contrary, it is not merely the absence of scienter that distinguishes
 
 *210
 
 a violation of section 349 from common-law fraud; section 349 encompasses a significantly wider range of deceptive business practices that were never previously condemned by decisional law. For these reasons, we hold that the three-year period of limitations for statutory causes of action under CPLR 214 (2) applies to the instant General Business Law § 349 claims.
 

 Accrual of Plaintiffs’ Causes of Action Under General Business Law § 349
 

 In general, a cause of action accrues, triggering commencement of the limitations period, when all of the factual circumstances necessary to establish a right of action have occurred, so that the plaintiff would be entitled to relief
 
 (see, Britt v Legal Aid Socy.,
 
 95 NY2d 443, 446;
 
 Matter of Motor Vehicle Acc. Indem. Corp. v Aetna Cas. & Sur. Co., supra,
 
 89 NY2d, at 221). In an action to recover for a liability created or imposed by statute, the statutory language determines the elements of the claim which must exist before the action accrues
 
 (see, Matter of Motor Vehicle Acc. Indem. Corp., supra,
 
 at 221).
 

 Here, the statute prohibits “[djeceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service” (General Business Law § 349 [a]), and affords a right of action to “any person who has been injured by reason of any violation of this section” (General Business Law § 349 [h]). Thus, accrual of a section 349 (h) private right of action first occurs when plaintiff has been injured by a deceptive act or practice violating section 349
 
 (see, Small v Lorillard Tobacco Co.,
 
 94 NY2d 43, 55). In
 
 Gaidon I,
 
 we held that plaintiffs sufficiently alleged Guardian Life’s deceptive behavior, in violation of section 349, regarding the marketing of its vanishing premium policies. The sufficiency of plaintiff Russo’s pleading of Mass Mutual’s deceptive practices is not at issue on her appeal. Thus, accrual of plaintiffs’ section 349 causes of action here turns upon when their respective injuries occurred as a result of the alleged statutory violations.
 

 Guardian Life and Mass Mutual contend that each plaintiff’s injury occurred at the time of purchase and delivery of each life insurance policy, which was unambiguous in stating that: (1) premiums were payable over the lifetime of the insured; (2) dividends (which the policyholder might apply to premium payments) were
 
 not
 
 guaranteed; and (3) the policy provisions contained
 
 all
 
 of the insurer’s obligations, and all earlier representations were merged into the policy contract. Both
 
 *211
 
 defendants argue that those terms demonstrated that plaintiffs had actually received policies that were less valuable than the vanishing premium policies they were promised or represented to have purchased. Thus, their argument goes, each plaintiffs injury occurred when the inferior policy was delivered, triggering accrual of the statutory cause of action and the three-year period of limitations at that moment in time.
 

 We, however, agree with plaintiffs that their injuries occurred when they were first called upon to pay additional premiums beyond the date by which they were led to believe that policy dividends would be sufficient to cover all premium costs. Defendants’ contention that injury occurred when each plaintiff received a policy that failed to contain terms reflecting the vanishing premium illustrations is based upon a misconception of the gravamen of plaintiffs’ General Business Law § 349 causes of action. As
 
 Gaidon I
 
 explains, the basis of the alleged section 349 violation was not a false guarantee that the policies themselves would expressly provide for premiums to vanish, or even that the illustrations expressly guaranteed that result. Indeed, we held that the disclaimers in the illustrations and in the policy provisions were sufficient to negate the existence of any such guarantees. We concluded in
 
 Gaidon I,
 
 however, that the absence of any such guarantee was beside the point with respect to plaintiffs’ section 349 claim. “Although [the insurers] did not guarantee that interest [and thus dividend] rates would remain constant, they failed to reveal that the illustrated vanishing dates were wholly unrealistic”
 
 (supra,
 
 94 NY2d, at 350).
 

 We held in
 
 Gaidon I
 
 that the operative allegations of the violation of General Business Law § 349 were that, through “an extensive marketing scheme * * * defendants lured them into purchasing policies by using illustrations that created
 
 unrealistic expectations as to the prospects of premium disappearance
 
 upon a strategically chosen ‘vanishing date.’ This vanishing date, plaintiffs allege, was
 
 misleading,
 
 as based on the premise that interest rates would continue at a high unprecedented rate for, in some cases, 20 or more years — a premise that defendants allegedly knew to be unlikely”
 
 (id.,
 
 at 344 [emphasis supplied]).
 

 Because the gravamen of the complaints of General Business Law § 349 violations was not false guarantees of policy terms, but deceptive practices inducing unrealistic expectations of continuing interest/dividend rate performance to fully offset premiums at the projected date, plaintiffs suffered no measur
 
 *212
 
 able damage until the point in time when those expectations were actually not met, and they were then called upon either to pay additional premiums or lose coverage and forfeit the premiums they previously paid. Thus, we conclude, the date when those additional premiums were demanded triggered the Statute of Limitations, and these actions, commenced within three years of those dates, were timely commenced.
 

 Accordingly, in
 
 Gaidon v Guardian Life Ins. Co.,
 
 the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative. In
 
 Russo v Massachusetts Mut. Life Ins. Co.,
 
 the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and plaintiffs cause of action under General Business Law § 349 reinstated.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 In
 
 Gaidon v Guardian Life Ins. Co.:
 
 Order affirmed, etc.
 

 In
 
 Russo v Massachusetts Mut. Life Ins. Co.:
 
 Order, insofar as appealed from, reversed, etc.