OPINION OF THE COURT
Thomas P. Phelan, J.
This is an action to recover damages for alleged violations of sections 349 and 350 of the General Business Law (first cause of action) and for breach of contract (second cause of action) arising out of three surgical hair transplant procedures. Plaintiff’s complaint further alleges, upon information and belief, that “said surgical procedures were performed on or about, July 1991, February 1992 and September 1992, and were in addition to and do not include consultations, and follow up visits for further treatment and care.”
Defendants seek dismissal of the plaintiff’s causes of action as time barred based upon the three-year statute of limitations for violation of sections 349 and 350 of the General Business Law (CPLR 214 [2]; see Gaidon v Guardian Life Ins. Co., 96 NY2d 201, 208-209) and the six-year statute of limitations for contract actions (CPLR 213 [2]). Defendants assert that the respective statutes of limitation commenced running from the date the last procedure was performed on the plaintiff (which is alleged to be July 23,1993). Since this action was commenced in February 2001, defendants contend that it is time barred.
Addressing plaintiff’s General Business Law claims, plaintiff contends that the applicable three-year statute of limitations period did not accrue until he was first called upon to undergo additional surgery and pay additional monies after the date that he was promised by Long Island Medical Associates (LIMA) that the transplant would result in a full head of natural-looking hair.
Soskel places this date sometime in November of 1995 when he was examined by a doctor unrelated to LIMA, who told him for the first time that due to the out-dated and poor work performed by LIMA, his scar would not resolve and his hair would never appear full and natural-looking without extensive *797 further surgery. Soskel contends that only then did he suffer his injury.
In support of his contention, plaintiff relies upon Gaidon v Guardian Life Ins. Co. (96 NY2d 201, 210) in which the Court wrote, “In general, a cause of action accrues, triggering commencement of the limitations period, when all of the factual circumstances necessary to establish a right of action have occurred, so that the plaintiff would be entitled to relief * * * In an action to recover for a liability created or imposed by statute, the statutory language determines the elements of the claim which must exist before the action accrues.” (Citations omitted.)
The Gaidon Court then reasoned that since General Business Law § 349 prohibits deceptive business practices and affords a private cause of action to any person injured by such practices, a cause of action under this section accrues when plaintiff becomes injured by the prohibited deceptive act or practice.
In Gaidon (at 206), plaintiff alleged that defendant Guardian Life “engaged in deceptive marketing and sales practices in promoting sales of its ‘vanishing premium’ policies through agents’ representations and personalized graphic illustrations showing that, after a specified period, ‘the policy’s dividends would thereafter cover the premium costs.’ ”
Defendants in Gaidon moved to dismiss on statute of limitations grounds contending since the unambiguous written policy differed significantly from the sales promotion and provided that all earlier representations merged into the policy, “each plaintiff’s injury occurred when the inferior policy was delivered, triggering accrual of the statutory cause of action and the three-year period of limitations at that moment in time.” (Id., at 211.)
The Gaidon Court rejected the insurers’ argument, finding that plaintiffs’ injuries occurred when they were first called upon to pay additional premiums beyond the date by which they were led to believe that policy dividends would be sufficient to cover all premium costs.
In so holding, the Gaidon Court wrote, “Because the gravamen of the complaints of General Business Law § 349 violations was not false guarantees of policy terms, but deceptive practices inducing unrealistic expectations of continuing interest/dividend rate performance to fully offset premiums at the projected date, plaintiffs suffered no measurable damage *798 until the point in time when those expectations were actually not met, and they were then called upon either to pay additional premiums or lose coverage and forfeit the premiums they previously paid. Thus, we conclude, the date when those additional premiums were demanded triggered the Statute of Limitations.” (Id., at 211-212.)
While the Gaidon case is instructive, it is not analogous. The key to the Gaidon decision and to this one is the determination as to when plaintiff was injured by a deceptive act or practice. In Gaidon the injury was purely economic and did not occur until plaintiffs “were first called upon to pay additional premiums beyond the date by which they were led to believe that policy dividends would be sufficient to cover all premium costs.” (Id., at 211.) This was when their expectations, induced by defendants’ deceptive practices, were actually not met.
By contrast, in the present case, Soskel alleges that he sustained both physical and economic injuries. His injuries first occurred at the time the surgical procedures were performed by defendants and when he paid for but did not receive the results he had been promised. It is at that point that Soskel’s right of action under section 349 of the General Business Law first accrued.
That plaintiff subsequently expended more money for “five ameliorative surgeries to attempt to correct the scarring, and unnatural ‘corn-stalk’ results from the LIMA procedures” simply increases his damages, it does not change the date or dates when his expectations were left unmet and his right of action under section 349 first accrued.
In his affidavit, Soskel states that he underwent a total of five surgical procedures with LIMA, the last taking place in July of 1993. July 23, 1993 is the last date mentioned in LIMA’S records annexed as exhibit C to Dr. Handler’s motion as well. These records furthermore do not reflect that plaintiff made any payments after the July 23, 1993 date. For purposes of this motion and cross motion then, the court finds that plaintiff’s causes of action under sections 349 and 350 accrued on July 23, 1993.
Consequently, the three-year statute of limitations expired on July 23, 1996, long before the commencement of this action in February of 2001.
Even if Soskel had asserted these claims as part of the earlier action titled Abbondandolo v Hitzig (Sup Ct, NY County, index No. 124201/97), commenced on or about December 30, 1997 *799 (see defendant Handler’s exhibit F), the statute of limitations would still constitute a bar. Plaintiffs first cause of action is, therefore, dismissed.
With respect to plaintiffs second cause of action based upon breach of contract, the statute of limitations is six years (CPLR 213 [2]). A claim for breach of contract accrues upon the breach (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402). For purposes of this motion and cross motion, the court again finds that plaintiffs breach of contract cause of action accrued on July 23, 1993.
Plaintiff first asserted his breach of contract claim in the Abbondandolo action, which was commenced on or about December 30, 1997. That was well within the six-year period of limitations.
Plaintiffs breach of contract claim was, however, dismissed on March 17, 2000 with leave to replead (plaintiff’s exhibit L). This order was appealed to the Appellate Division, First Department, which in April 2001 modified the lower court order, inter alia, by specifically denying plaintiff leave to replead his breach of contract cause of action (Abbondandolo v Hitzig, 282 AD2d 224). As a result, the doctrine of res judicata bars plaintiffs second cause of action in this case.
Accordingly, defendants’ motion and cross motion are granted. Plaintiffs complaint is dismissed without costs.