OPINION OF THE COURT
Kenneth L. Gartner, J.
In the instant case, the defendant attorney does not dispute that he charged and collected from the plaintiff client a fee prohibited by the New York State Labor Law. The defendant attorney does not dispute that he has been ordered to make restitution by the New York State Unemployment Insurance Appeal Board (the Board). The defendant attorney concedes that he has failed and refused to comply with this order. The attorney instead raises a statute of limitations defense to this small claims action — the same statute of limitations defense which he previously raised, unsuccessfully, before the Board.
The plaintiff client is for the reasons set forth below awarded judgment in the full amount permitted by the jurisdictional limit of this Small Claims Part, and this matter is hereby referred to the Grievance Committee, Tenth Judicial District.*
During calendar year 1996, the defendant attorney was retained by the plaintiff client to, among other things, file an original claim for unemployment benefits under article 18 of the Labor Law. Through a number of payments made throughout the course of that year, the plaintiff paid the defendant a total of $10,750 in fees.
Labor Law § 538 (1) (c) provides, in relevant part, that “[c]laims of representatives for services rendered to a claimant *520 in connection with any claim arising under [article 18 of the Labor Law] shall not be enforceable unless approved by the appeal board and shall in no event exceed the benefit allowed.” Labor Law § 538 (1) (f) provides, in relevant part, that “[t]he appeal board shall order the restitution of any fee paid by a claimant to a representative to the extent that it exceeds the amount authorized by this section.”
The Board never approved the payment of any fee to the defendant attorney for his representation of the plaintiff in this matter.
Through a process which involved two separate hearings before administrative law judges, and an administrative appeal to the Board, the plaintiff was denied benefits on the ground that he lost his employment through misconduct in connection with the employment. The Board’s decision was appealed to the Appellate Division, Third Department. In mid-1998 the Appellate Division affirmed the Board’s decision.
By letter dated September 7, 1999, the plaintiff applied to the Board, pursuant to 12 NYCRR 460.6 (c), for an order of restitution of the fee he had paid to the defendant attorney.
The Board held a hearing. At the hearing, the defendant attorney argued that because the client applied for an order of restitution more than three years after having paid the fees to the attorney, the applicable statute of limitations (i.e., CPLR 214) had expired, and the client’s request for restitution was time barred. In a May 2000 order, the Board rejected this assertion, holding that “the CPLR does not apply to the proceedings of administrative bodies.” The Board relied as authority for its holding upon Matter of United States Power Squadrons v State Human Rights Appeal Bd. (84 AD2d 318 [2d Dept 1981], affd 59 NY2d 401 [1983]).
The Board also determined that a portion of the total $10,750 fee paid to the attorney by the client was paid in connection with representation and advice regarding a potential civil lawsuit which the plaintiff was considering against his former employer. The balance, however, was for services rendered in connection with the unemployment insurance claim. As the payment of that fee (1) had never been approved by the Board, and (2) was in excess of the benefit allowed (absolutely no benefit having been allowed), the Board ordered restitution by the attorney to the client of the sum found to be so attributable, amounting to $5,356. The attorney was ordered to “forthwith remit to the claimant” this sum.
The defendant attorney, after receiving the Board’s order, failed and refused to make the required “forthwith remittitur.” *521 The plaintiff client commenced the instant small claims action, resigning himself to accepting the $3,000 which is the jurisdictional limit of small claims court rather than the full $5,356 directed to be remitted.
The defendant attorney responded to the plaintiff client’s small claim by submitting a motion to dismiss. The defendant attorney contends that for the same reason that the plaintiff’s request for an order of restitution from the Board was time barred, the present lawsuit is time barred. The defendant attorney concedes by affirmation that he “is not disputing or in any way challenging any of the findings of fact that were made by the Board * * The statute of limitations is his sole ground of defense. The plaintiff client was represented at the call of the calendar in the Small Claims Part by counsel acting pro bono.
This court is, indeed, persuaded that the Board misread the United States Power Squadrons case upon which it relied for rejecting the applicability of the statute of limitations to administrative proceedings. As astutely pointed out by the defendant attorney, the contrary is established by People ex rel. Holland v Parkway Mobile Homes (245 AD2d 862 [3d Dept 1997]). United States Power Squadrons merely holds that in that particular case the statute of limitations had not in fact expired.
Nevertheless, the defendant attorneys statute of limitations defense is unavailing for a number of reasons.
First, the defendant is precluded from collaterally attacking the determination of the Board. Section 279 of the Restatement (Second) of Judgments defines issue preclusion as follows: “When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.” This statement represents the law in New York. (Blank v Blank, 256 AD2d 688, 691 [3d Dept 1998].) The “issue of law” as to the binding nature of the statute of limitations has already been adjudicated between these parties in the administrative proceeding leading to the Board’s order of restitution. The issue was essential to the Board’s determination that it had jurisdiction to issue the order. The matter could therefore be reviewed only in a CPLR article 78 proceeding challenging the Board’s order.
A second reason for rejecting the statute of limitations defense is that the Board decision was correct — albeit based on *522 authority other than United States Power Squadrons — due to the specific restitutionary remedy at issue before the Board. In People v Lightfoot (147 Misc 2d 918 [Nassau Dist Ct 1990, McCarty, J.]), this court determined that a criminal court at sentencing is permitted to order that restitution be made by a defendant to a crime victim despite the fact the crime victim’s time for commencing a civil action for recovering his damages has passed. Similarly, the power of the Board to order restitution pursuant to Labor Law § 538 (1) (f) was not predicated on the availability of a civil action by the plaintiff.
A third reason for rejecting the defendant attorney’s defense is that the plaintiff brought the instant small claims lawsuit not to recover the fee paid in 1996, but to enforce the Board’s conceptually distinct order of restitution, whose mandate when made gave rise to an entirely new claim by the plaintiff. Thus, the cause sued upon here did not arise and could not have arisen until the Board’s order was issued. The instant suit— commenced on or about October 22, 2001 — was brought within the three-year statute of limitations.
A fourth reason for rejecting the defendant attorney’s statute of limitations defense is that the defendant attorney is wrong about the time of accrual of the plaintiff client’s cause of action. The defendant attorney proceeds upon the assumption that the plaintiff client’s cause of action for each of the separate payments rendered to the defendant attorney accrued upon the date that each respective payment was made during calendar year 1996. To the extent that the defendant attorney premises this assumption on the ground that the client could have asserted a claim for restitution at any time after having made payment to the defendant attorney, based on the attorney’s failure to have obtained Board approval, the defendant attorney’s assumption is misplaced. Such a claim would only have been conditional, and could have been defeated by the attorney obtaining a nunc pro tunc approval from the Board. Moreover, the attorney is estopped from raising this argument since it is premised on his own omission as counsel for the plaintiff. It was not until the Appellate Division, Third Department, finally in 1998 determined that the plaintiff client would receive no benefits, that the plaintiff client’s absolute right to a restitutionary order became fixed. It was thus only then that his claim against the defendant attorney on this ground accrued. The claimant’s September 1999 application to the Board was therefore brought within the three-year statute of limitations.
*523 Fifth, the defendant attorney’s position is dependent on the proposition that the three-year statute of limitations created by CPLR 214 (2) applies rather than the usual six-year statute of limitations for contract. This is incorrect. As the defendant attorney correctly observes, CPLR 214 (2) applies only to actions to “recover upon a liability, penalty or forfeiture created or imposed by statute.” The pertinent inquiry is whether the statute creates a liability for wrongs not recognized in the common or decisional law, and which would not exist but for the statute. (See, Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201 [2001]; People ex rel. Holland v Parkway Mobile Homes, supra, 245 AD2d 862.) A proceeding to obtain the restitution of sums paid pursuant to a contract, notwithstanding the fact that the contract is of a kind statutorily rendered unenforceable, is nonetheless one founded in contract and is thus covered by the six-year contractual statute of limitations.
Sixth, and finally, whatever statute of limitations is found to apply, and whenever it could otherwise be said to have “accrued,” the statute of limitations in this instance was “tolled” by the “continuous representation” doctrine. The “continuous representation” doctrine serves to toll the statute of limitations on a claim for legal malpractice while the attorney continues to represent the client in the same matter in which the malpractice occurred. This judge-made doctrine was created by analogy to the “continuous treatment” doctrine in medical malpractice cases and is supported by similar reasoning. A client, having reposed trust in a professional, cannot be expected to question the professional’s performance while the matter for which the professional was retained is still in progress. Even if the client has come to doubt the professional’s competence, requiring the client to bring suit while the services are still being rendered would destroy the professional-client relationship. (Alexander, 2000 Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C214:6, 2001 Pocket Part; see generally, Glamm v Allen, 57 NY2d 87, 93 [1982].) By parity of reasoning, the instant plaintiff client could not be expected to have brought any sort of claim or action against his attorney for return of a fee while the services were still being rendered by the attorney. The commencement of the statute of limitations was thus “tolled” by the defendant attorney’s continuous representation of the plaintiff client until at least the 1998 determination of the Appellate Division, Third Department.
Unfortunately, a determination in favor of the plaintiff client does not end the matter.
*524 This court can certainly sympathize with the defendant attorney’s frustration at being required to refund a fee which he fairly earned for services legitimately performed and competently rendered. Nevertheless, the attorney is not free to disregard the Board’s — and the Legislature’s — directive. By failing and refusing to remit the restitution pursuant to the Board’s order, and relegating the client to suing for partial satisfaction in small claims court — where even the limited recovery therein available has been vigorously contested — the defendant attorney has apparently violated the Code of Professional Responsibility.
DR 2-106 (a) (22 NYCRR 1200.11 [a]) provides that “[a] lawyer shall not enter into an agreement for, charge or collect an illegal or excessive fee.” DR 2-106 (c) (3) (22 NYCRR 1200.11 [c] [3]) prohibits an attorney from entering into arrangement for, charging or collecting a fee proscribed by law or rule of court. As observed in the Commentary on DR 2-106 (c) (3) in Simon’s New York Code of Professional Responsibility Annotated (2001 ed), “[m]any statutes governing fees concern public benefits and other government programs * * * Lawyers handling workers’ compensations matters in New York may not charge more than a specified percentage of the recovery. Violation of these or similar statutes * * * would * * * violate DR 2-106(0(3).”
Moreover, DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]) requires an attorney to “promptly pay or deliver to the client or third person as requested by the client or third person the funds * * * in the possession of the lawyer which the client * * * is entitled to receive.” As observed in the Commentary on this section in Simon’s New York Code of Professional Responsibility Annotated (2001 ed), “whether a client is ‘entitled’ to receive funds or property is typically a question of law, not ethics. But a lawyer who can determine that a client * * * is entitled to funds * * * must honor a request by that person or risk discipline.” In the instant case, the client’s entitlement to the funds in question is a matter of law which has been litigated and decided by the Board.
In Matter of Bakker (217 AD2d 363, 364 [2d Dept 1995]), the Appellate Division held that “[t]he respondent’s failure to provide her client with a timely refund, and her failure to comply with the Small Claims judgment filed against her is a violation of Code of Professional Responsibility DR 9-102 (C) (4) * * * and DR 1-102 (A) (1), (5) and (7) (now [8]) [i.e., the prohibitions against violating a disciplinary rule, engaging in *525 conduct prejudicial to the administration of justice, or engaging in any other conduct that adversely reflects on the lawyer’s fitness].”
In Matter of Feely (241 AD2d 174, 175 [1st Dept 1998]), the Appellate Division temporarily suspended the respondent “due to his willful failure to pay money to a client, which debt is demonstrated by a judgment.” For a series of violations— including a violation of DR 9-102 (c) (4), i.e., “fail[ing] to satisfy a client-related judgment” — the respondent was disbarred (id.).
In Yeiser v Dysart (267 US 540 [1925]), the Supreme Court, in upholding a statutory limitation on the attorney’s fee chargeable in a Workmen’s Compensation Act case, observed that the attorney in that case was ordered to be suspended from the right to practice unless he should make the refund to the client of the excess fee which had been directed in that case. The Supreme Court upheld the constitutionality of the contested provision of the Act. The Supreme Court temporarily stayed the attorney’s suspension, but only for a reasonable time to allow the attorney to comply with the restitutionary mandate.
Rules of Judicial Conduct (22 NYCRR) § 100.3 (D) (2) requires that “[a] judge who receives information indicating a substantial likelihood that a lawyer has committed a substantial violation of the Code of Professional Responsibility shall take appropriate action.”
In view of the foregoing, the plaintiff client is awarded a judgment in the amount of $3,000 — the jurisdictional limit of this Small Claims Part — with interest from the date of the Board’s restitutionary order. Even collection in full of this judgment, however, will leave almost $2,400 in restitution owing from the defendant attorney to the plaintiff client. A copy of this decision is transmitted to the Grievance Committee to take such other and further action as it may deem appropriate.

 To preserve the confidentiality provided for by New York law in matters relating to grievances against an attorney prior to final resolution, this decision has been redacted for purposes of publication to remove the names of the parties and caption it anonymously. (See, In re Morgan, 225 BR 290, 291 [ED NY 1998], vacated on other grounds sub nom. In re Nunez, 2000 WL 655983, 2000 US Dist LEXIS 12078 [ED NY 2000]; see also, Doe v Federal Grievance Comm., 847 F2d 57 [2d Cir 1988]; Doe v Apfel, 1999 WL 182669, 1999 US Dist LEXIS 4030 [ED NY 1999]; Doe v Rosenberry, 152 F Supp 403 [SD NY 1957].)