National Health Care Assoc. v Liberty Mut. Ins. Co. (2021 NY Slip Op 00633)





National Health Care Assoc. v Liberty Mut. Ins. Co.


2021 NY Slip Op 00633


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 650272/18 Appeal No. 13055 Case No. 2020-01402 

[*1]National Health Care Associates et al., Plaintiffs-Respondents-Appellants,
v
Liberty Mutual Insurance Company et al. Defendants-Appellants-Respondents.


Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., New York (Todd Rosenbaum of counsel), and Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., Boston, MA (Nicholas C. Cramb of the Bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for Liberty Mutual Insurance Company and Arlington Insurance Company, LTD., appellants-respondents.
Stroock & Stroock & Lavan LLP, New York (Robert Lewin of counsel), for Arch Insurance Company, appellant-respondent.
Paduano & Weintraub LLP, New York (Katherine B. Harrison of counsel), for Prism Consultants, LLC, Asher Schoor, Ettie Schoor, Woodbury CC, LLC, Comp Control Insurance Company SPC and Comp Control, LLC, appellants-respondents.
Kasowitz Benson Torres LLP, New York (Jeffrey Ephraim Glatt of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Andrea Masley, J.), entered January 21, 2020, which, inter alia, denied in part and granted in part defendants' motions to dismiss plaintiffs' claims, unanimously affirmed, with costs.
Accepting the truth of the facts alleged in the complaint and submissions in opposition to the motions and according plaintiffs the benefit of every possible favorable inference (see generally Leon v Martinez, 84 NY2d 83, 87—88 [1994]), plaintiffs' claims under the New York Insurance Law and under the New Jersey Consumer Fraud Act, and their breach of contract claim as against defendant Arch Insurance Company for the 2012-2014 Programs at issue, were timely and adequately pled. The record shows that plaintiffs' claims accrued, at the latest, in 2016 when defendants first received the additional premiums by drawing down the Letters of Credit, and three years before the filing of the complaint (see Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201, 210 [2001]). The court also correctly determined that it had personal jurisdiction over defendant Comp Control Insurance Company SPC.
Contrary to plaintiffs' arguments, the court properly dismissed as untimely the fraudulent inducement, negligent misrepresentation and remaining breach of contract claims (see MBI Intl. Holdings Inc. v Barclays Bank PLC, 151 AD3d 108, 110 [1st Dept 2017], lv denied 29 NY3d 919 [2017]), and properly dismissed the claims under the Vermont and Connecticut consumer protection statutes.
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021