NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACY MCCARTHY, individually and on behalf of all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>AMAZON.COM, INC.; AUDIBLE INC.,<br><br>        Defendants-Appellees. | No.    23-35605<br><br>D.C. No. 2:23-cv-01019-BJR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Barbara J. Rothstein, District Judge, Presiding

Submitted October 24, 2024[**]
San Francisco, California

Before: OWENS, SUNG, and SANCHEZ, Circuit Judges.

Tracy McCarthy appeals the district court's order granting Amazon.com, Inc.

("Amazon") and Audible, Inc.'s ("Audible") motion to dismiss. We apply the law

of the State of New York in this diversity action. *See Clark v. Eddie Bauer, LLC*,

30 F.4th 1151, 1154 (9th Cir. 2022). We review de novo the dismissal of a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

plaintiff's claims based on statute of limitations, *Mills v. City of Covina*, 921 F.3d 1161, 1165 (9th Cir. 2019), and for failure to state a claim upon which relief can be granted. *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1096 (9th Cir. 2023). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. McCarthy filed suit on April 26, 2022, alleging Amazon had engaged in deceptive acts and practices under New York General Business Law ("GBL") section 349 and false advertising under section 350. She later amended her complaint and added a claim for unjust enrichment. She alleges that on the same day she used an Audible credit to purchase an audiobook, Amazon involuntarily enrolled her in a free, thirty-day trial with Audible.

New York courts have uniformly held that claims for deceptive acts or practices under section 349 and for false advertising under section 350 are subject to a three-year statute of limitations, *see Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1083 (N.Y. 2001); *Soskel v. Handler*, 736 N.Y.S.2d 853, 856 (N.Y. Sup. Ct. 2001), with the cause of action accruing "when all of the factual circumstances necessary to establish a right of action have occurred, so that the plaintiff would be entitled to relief." *Gaidon*, 750 N.E.2d at 1083. A cause of action accrues "from the time when the plaintiff was injured," *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012), here on October 13, 2018, when McCarthy alleges she was involuntarily enrolled in an Audible membership at the

2

time she purchased the audiobook. Even if she was first injured on November 13, 2018, when she was first charged for her recurring Audible subscription, her lawsuit is still time-barred under New York's statute of limitations.

2. McCarthy argues that the statute of limitations should be equitably tolled under either the fraudulent concealment or the continuing violations doctrine. "Under New York law, the doctrines of equitable tolling or equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (internal quotations omitted). "Equitable estoppel is an extraordinary remedy." *Pulver v. Dougherty*, 871 N.Y.S.2d 495, 496 (App. Div. 2009).

McCarthy does not allege any facts indicating "any affirmative wrongdoing" by Defendants that caused McCarthy "to delay in bringing the action." *Id.* at 497. Amazon openly charged McCarthy's credit card, stored in her Amazon Wallet, $14.95 per month for forty consecutive months for the subscription. Although the charges were labeled as originating from "Amazon," rather than "Audible," she pleads no facts indicating she made any attempt to exercise the doctrinal requirement of "[d]ue diligence" to discover the claim by ascertaining the reason for the charges. *See Abbas*, 480 F.3d at 642 (internal quotations omitted); *see also Henry v. Bank of Am.*, 48 N.Y.S.3d 67, 70 (App. Div. 2017) (finding plaintiff failed

3

to plead fraudulent concealment when he received monthly bills for two credit card programs).

McCarthy also fails to sufficiently plead facts to support invocation of the continuing violations doctrine, which "is usually employed where there is a series of continuing wrongs and serves to toll the running of a period of limitations to the date of the commission of the last wrongful act." *Id.* Under New York law, tolling based on continuing wrongs "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct." *Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 122 (2d Cir. 2020) (internal quotations and alterations omitted). McCarthy argues that each monthly subscription charge was an additional unlawful act, but such recurring fees are quintessential continuing effects. *See, e.g.*, *Henry*, 48 N.Y.S.3d at 70 (finding doctrine inapplicable to monthly charges following enrollment in credit card programs because the charges merely constituted the effects of the initial enrollment). Accordingly, we decline to toll the statute of limitations and affirm the district court's findings that McCarthy's GBL claims are time-barred.

3. McCarthy does not allege any facts in support of her unjust enrichment claim, devoting only three sentences to it in her complaint. Nor does she explain how she could amend to satisfy the three elements of an unjust enrichment claim under New York law. *See Beth Israel Med. Ctr. v. Horizon Blue*

4

*Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (requiring plaintiff to "establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." (internal quotations omitted)). Rather, her allegations are indistinguishable from her time-barred GBL claims.

4. Finally, McCarthy has waived any challenge to the district court's dismissal of her complaint with prejudice. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are waived.").

**AFFIRMED.**