■ ROSLYN SAVINGS BANK, Respondent, v NATIONAL WESTMINSTER BANK USA, Appellant. [699 NYS2d 421] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 8, 1998, as denied those branches of its motion which were for summary judgment dismissing the first, second, third, fifth, and sixth causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted in its entirety, and the complaint is dismissed.

In its first cause of action, the plaintiff, Roslyn Savings Bank (hereinafter Roslyn Savings), alleged that the defendant National Westminster Bank USA (hereinafter NatWest), breached an "Account Reconciliation Agreement" by failing to provide the check reconciliation services envisioned by that agreement. However, it is uncontroverted that the breaches alleged by Roslyn Savings, mismatching checks so that the checks issued by it were listed as unpaid and failing to provide reports in accordance with the agreement, occurred during 1987 to 1988, at the latest. Accordingly, its breach of contract cause of action interposed in March 1995, more than six years after the alleged breaches, was untimely (*see,* CPLR 203 [a]; 213; *Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402). Roslyn Savings' reliance on the continuous contract doc-

trine is misplaced (*see, Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 80-81). The $1.3 million discrepancy, representing the outstanding balance of unpaid checks, occurred as early as September 1987, according to Roslyn Savings' allegations, and NatWest's repetition of this discrepancy was not a separate breach that started the claim to accrue anew. Also, Roslyn Savings' failure to act until approximately 21 months after it asserted that NatWest admitted that the reconciliation data was lost precludes it from invoking estoppel to avoid the application of the Statute of Limitations (*see, Simcuski v Saeli,* 44 NY2d 442, 450). Consequently, the Supreme Court should have granted summary judgment dismissing the first cause of action as well as the third cause of action alleging breach of a duty of good faith under the contract (*cf., Super Glue Corp. v Avis Rent A Car Sys.,* 132 AD2d 604; *Fasolino Foods Co. v Banca Nazionale Del Lavoro,* 961 F2d 1052).

Additionally, the court should have granted summary judgment dismissing the remaining causes of action, i.e., the second cause of action for recovery under UCC 4-103, the fifth cause of action to recover damages for fraud, and the sixth cause of action for an accounting. UCC 4-103 (5) does not apply to the facts of this case because Roslyn Savings does not allege that NatWest's improper handling of its checks caused them to pay the wrong payee (UCC 4-103 [5]). Further, the fraud allegations of Roslyn Savings were not based upon a duty collateral or extraneous to the contract (*see, Americana Petroleum Corp. v Northville Indus. Corp.,* 200 AD2d 646). Finally, Roslyn Savings failed to controvert NatWest's evidence that Roslyn Savings was no more than a checking account customer and that no fiduciary relationship existed between the parties (*Bank Leumi Trust Co. v Block 3102 Corp.,* 180 AD2d 588). Consequently, the motion for summary judgment should have been granted in its entirety and the complaint dismissed. Mangano, P. J., Bracken, S. Miller and Sullivan, JJ., concur.