■ GANESH DAT et al., Appellants, v CITY OF NEW YORK, Respondent. [707 NYS2d 347] —In an action, *inter alia*, to recover damages for false arrest, the plaintiffs appeal from an order of the Supreme Court, Queens County (Taylor, J), dated June 1, 1999, which denied their motion for summary judgment with leave to renew after the completion of discovery.

Ordered that the order is affirmed, with costs.

It is well settled that a party seeking summary judgment pursuant to CPLR 3212 has the burden of establishing entitlement to judgment as a matter of law by coming forward with evidentiary proof, in admissible form, demonstrating the absence of any disputed material facts (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Zuckerman v City of New York*, 49 NY2d 557, 562). Failure to make such a showing requires the denial of the motion, regardless of the sufficiency of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Sipourene v County of Nassau*, 266 AD2d 450).

Here, the plaintiffs failed to make the requisite showing of entitlement to summary judgment in their favor. There are issues of fact, *inter alia*, as to whether there was probable cause for the arrest. Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.

■ ELEANOR DAVIS, Respondent, v DAVID HANNAN et al., Appellants. [707 NYS2d 347] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered April 7, 1999, which, upon the granting of the plaintiff's application, made at the close of evidence, for judgment as a matter of law on the issue of liability, and upon a jury verdict awarding the plaintiff Eleanor Davis damages in the sum of $751,900 ($59,400 for lost earnings, $186,500 for past pain and suffering, and $506,000 for future pain and suffering), is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with costs.

The trial court properly allowed into evidence the opinion testimony of the plaintiff's psychiatrist (*see, Kravitz v Long Is. Jewish-Hillside Med. Ctr.*, 113 AD2d 577).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Friedmann, Florio and Feuerstein, JJ., concur.