◼ VICTOR SANTAMARIA et al., Appellants, v BRIAN KELLY et al., Respondents. [720 NYS2d 182] —In an action, *inter alia,* to recover damages for breach of contract, to compel the issuance and delivery of certain shares of stock, and for an accounting, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated March 10, 2000, as granted those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, and fifth causes of action on the ground that each was barred by the applicable Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing the second, fourth, and fifth causes of action are denied, and those causes of action are reinstated.

Contrary to the plaintiffs' contentions, the second cause of action does not state a claim for indemnification because, *inter alia,* the underlying judgment has not been satisfied by the plaintiff Elena Santamaria (*see, Varo, Inc., v Alvis PLC,* 261 AD2d 262). Nevertheless, the second cause of action does assert a timely claim to recover damages for breach of contract based upon the defendant Brian Kelly's alleged default in payment under a vehicle-financing agreement. The Statute of Limitations for a contract cause of action is six years from its accrual which, in this case, occurred upon Brian Kelly's alleged breach (*see, Levy v Luss & Co.,* 267 AD2d 213; *Roslyn Sav. Bank v National Westminster Bank,* 266 AD2d 272). Since this action was commenced within six years of the alleged breach, the second cause of action is timely. Therefore, the Supreme Court improperly granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action.

The Supreme Court improperly granted those branches of the defendants' motion which were for summary judgment

dismissing the fourth and fifth causes of action. The defendants failed to show that each of those claims were interposed beyond the applicable Statute of Limitations (*see, Dat v City of New York,* 271 AD2d 635; *Safeguard Ins. Co. v Tetz & Sons,* 271 AD2d 516; *Juba v Bachman,* 255 AD2d 492). Santucci, J. P., S. Miller, Friedmann and Goldstein, JJ., concur.