(February 23, 2017)

JONATHAN M. HENRY, Appellant, v BANK OF AMERICA et al., Respondents. [48 NYS3d 67]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered on or about May 8, 2015, which, to the extent appealed from, granted defendants' motion to dismiss as time-barred the causes of action for statutory fraud, common-law fraud, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and unconscionability, unanimously affirmed, without costs.

Plaintiff was enrolled in defendants' Credit Protection Plan (CPP) on March 8, 2001 and their Privacy Assist Service (PAS)

program in March 2007.[1] He was billed for the services in his monthly account statements. On March 6, 2009, when plaintiff advised defendants of his dire financial situation and unemployment since on or about November 17, 2007, defendants enrolled plaintiff in a less expensive CPP program that provided lesser benefits.

Plaintiff closed his credit card account on June 14, 2010. CPP and PAS fees plus interest and penalties were included in plaintiff's account balance which reached $29,246.06 as of approximately February 7, 2011. On May 31, 2013, defendants issued a refund check to plaintiff for PAS fees improperly charged during the period of March 2007-November 2008, when no PAS services were actually provided.

On August 27, 2014, plaintiff, alleging that he was enrolled in the two optional credit card products without his consent, for which he received no benefit, commenced this action seeking, inter alia, compensatory and punitive damages. Plaintiff asserts that he became aware of defendant's scheme in or about November/December 2012 when he was advised of a California CPP class action, and on May 31, 2013 when he was informed by defendants that he had been charged PAS fees for which he received no services.[2]

Supreme Court granted defendants' motion to dismiss as time-barred the first (Delaware Consumer Fraud Act), second (New York Consumer Fraud and General Business Law statutes), and seventh (breach of fiduciary duty) causes of actions, governed by a three-year statute of limitations, and the third (common law fraud), fifth (breach of covenant of good faith and fair dealing), and eighth (unconscionability) causes of action, governed by a six-year statute of limitations.[3] We now affirm.

The subject causes of action accrued either in March 2001, when defendants allegedly enrolled plaintiff without his

---

**1.** CPP is a credit card debt cancellation product that can cancel a card holder's obligation to make minimum payments, and in the event of certain contingencies, such as death, disability or unemployment, some or all of his outstanding balance. PAS is purportedly a defense against invasion of privacy, identity fraud and identity theft.

**2.** The CPP class action was filed on December 13, 2011 in the United States District Court for the Northern District of California. On January 16, 2013, the Court approved a class action settlement. Plaintiff opted out. A PAS class action was commenced on February 2, 2011 and dismissed on October 9, 2012.

**3.** The court declined to dismiss plaintiff's claims for unjust enrichment and money had and received with respect to amounts paid within the six years prior to filing suit.

consent in the CPP, or in March 2007, when they allegedly enrolled him without his consent in the PAS program, more than six years before the commencement of this action in 2014 (*see State ex rel. Brady v Pettinaro Enters.*, 870 A2d 513, 526 [Del Ch 2005]; *Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 [2001]).

Plaintiff's reliance on the continuing wrong doctrine to toll the limitations periods is misplaced. The continuous wrong doctrine is an exception to the general rule that the statute of limitations " 'runs from the time of the breach though no damage occurs until later' " (*Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]). The doctrine "is usually employed where there is a series of continuing wrongs and serves to toll the running of a period of limitations to the date of the commission of the last wrongful act" (*Selkirk v State of New York*, 249 AD2d 818, 819 [3d Dept 1998]). Where applicable, the doctrine will save all claims for recovery of damages but only to the extent of wrongs committed within the applicable statute of limitations (*see Jensen v General Elec. Co.*, 82 NY2d 77, 83-85, 88 [1993]; *Sutton Investing Corp. v City of Syracuse*, 48 AD3d 1141, 1143 [4th Dept 2008], *lv dismissed* 10 NY3d 858 [2008]).

The doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct. The distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs" (*Doukas v Ballard*, 39 Misc 3d 1227[A], 2013 NY Slip Op 50776[U], *6 [Sup Ct, Suffolk County 2013] [citation omitted]; *see also Roslyn Sav. Bank v National Westminster Bank USA*, 266 AD2d 272 [2d Dept 1999]). The doctrine is inapplicable where there is one tortious act complained of since the cause of action accrues in those cases at the time that the wrongful act first injured plaintiff and it does not change as a result of " 'continuing consequential damages' " (*Town of Oyster Bay v Lizza Indus., Inc.*, 22 NY3d 1024, 1032 [2013]; *see also Quintana v Wiener*, 717 F Supp 77, 80 [SD NY 1989]). In contract actions, the doctrine is applied to extend the statute of limitations when the contract imposes a continuing duty on the breaching party (*see Bulova Watch Co. v Celotex Corp.*, 46 NY2d 606, 611 [1979]; *Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc.*, 105 AD3d 820, 822 [2d Dept 2013], *lv dismissed* 21 NY3d 1024 [2013]; *King v 870 Riverside Dr. Hous. Dev. Fund Corp.*, 74 AD3d 494, 496 [1st Dept 2010]). Thus, where a plaintiff asserts a single breach—with damages increasing as the breach continued—the continuing wrong

theory does not apply (*see Kahn v Kohlberg, Kravis, Roberts & Co.*, 970 F2d 1030, 1041 [2d Cir 1992], *cert denied* 506 US 986 [1992]).

Here, the alleged wrongs are the enrollment of plaintiff in the CPP and PAS programs in March 2001 and 2007, respectively, and there was no breach of a recurring duty. The monthly billings demanding payment of CPP and PAS fees, both before and after plaintiff closed his account, represent the consequences of those wrongful acts in the form of continuing damages, not the wrongs themselves, and do not qualify for application of the continuous wrong doctrine.

Plaintiff's argument that he could not reasonably have discovered the alleged fraudulent conduct within the limitations period due to defendants "concealment" and ongoing "scheme," is not reconcilable with his admissions that he was billed for the charges monthly. There is no more information that plaintiff could have needed to determine if he had been involuntarily enrolled in the programs (*see Sanchez de Hernandez v Bank of Nova Scotia*, 76 AD3d 929 [1st Dept 2010], *lv denied* 16 NY3d 705 [2011]).

Plaintiff's argument that the CPP and PAS claims accrued on March 6, 2009, when defendants involuntarily enrolled him in a new CPP contract at different fees is without merit. While plaintiff characterizes it as enrollment in a new program, defendants merely switched him from a more expensive CPP program to a cheaper CPP program, which was a continuing effect of the initial involuntary enrollment on March 8, 2001.

We have considered plaintiff's remaining contentions, including that the federal class actions tolled the limitations periods (*see American Pipe & Constr. Co. v Utah*, 414 US 538, 554 [1974]), and that dismissal of the complaint as time barred would be unconscionable and inequitable, and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Gische, JJ.