Matter of Yin Shin Leung Charitable Found. v Seng (2019 NY Slip Op 08261)





Matter of Yin Shin Leung Charitable Found. v Seng


2019 NY Slip Op 08261


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10174 654290/13

[*1] In re Yin Shin Leung Charitable Foundation, et al., Petitioners-Appellants,
v
Maria Seng, et al., Respondents-Respondents.


Reed Smith LLP, New York (Brian A. Sutherland of counsel), for appellants.
Izower Feldman LLP, New York (Ronald D. Lefton of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered January 4, 2019, which, insofar as appealed from as limited by the briefs, granted respondents' motion for summary judgment dismissing the petition to dissolve Cathay Properties Corp. (Cathay), pursuant to Business Corporation Law (BCL) § 1104-a, and for damages for alleged breaches of fiduciary duty, unanimously modified, on the law, to deny the motion as to so much of the cause of action for breach of fiduciary duty as is premised on a $210,000 loan made to Cathay Import & Export, Ltd., and otherwise affirmed, without costs.
Except for petitioner Yin Shin Leung Charitable Foundation, the parties are children of the late Seng Ping Ling, a Hong Kong businessman.
The breach of fiduciary duty claims are barred by the applicable six-year statute of limitations, since respondents had "openly repudiated" all the fiduciary duties that petitioners allege they breached by no later than November 16, 2007, and petitioners did not commence this proceeding until December 2013 (see CPLR 213[1]; Matter of Twin Bay Vil., Inc., 153 AD3d 998, 1001 [3d Dept 2017], lv denied 31 NY3d 902 [2018]; Westchester Religious Inst. v Kamerman, 262 AD2d 131 [1st Dept 1999]). Moreover, the open repudiation toll doctrine does not apply to the claims asserted for money damages (Stern v Morgan Stanley Smith Barney, 129 AD3d 619 [1st Dept 2015]).
With respect to the two rent-free dispositions of corporate properties, the doctrine of continuing wrong does not avail petitioners (see Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017]). As of February 2007, petitioners knew of the two rent-free arrangements based on an investigation that was conducted by a Hong Kong Committee managing the affairs of Seng Ping Ling. Conceding that knowledge, petitioners contend that they were unaware that the rent-free arrangements would continue in the future. However, for each arrangement, a single decision was made to permit the property to be used gratis. The loss of corporate income was merely a continuing effect of the initial decision.
The continuing wrong doctrine is applicable to respondents' use of the disputed "special account." While respondents disclosed the formation of the special account and their intent to use corporate funds diverted thereto to pay expenses in related litigation in Hong Kong, those disbursements were not automatic consequences of the initial decision. Each payment of litigation expenses required a separate exercise of judgment and authority.
Nonetheless, petitioners waived any claims with respect to respondents' use of the special account to pay legal expenses (see generally Silverman v Silverman, 304 AD2d 41, 46 [1st Dept 2003]). The use of the special account for that purpose was addressed in a consent order in the Hong Kong litigation. A court-appointed independent trustee thereafter reviewed the matter and, in 2011, presented an accounting upon which all parties agreed. Petitioner David Seng acknowledged in a 2016 deposition that respondents' "use of [Cathay's] funds to pay for their personal legal fees" was "resolved" in that process.
However, unlike the claim related to legal expenses, respondents failed to demonstrate that petitioners knowingly and intentionally abandoned any claim with respect to use of the special account to lend $210,000 to Cathay Import. The loan was not expressly covered by the consent order, and it is not expressly addressed in any of the independent trustee papers cited by respondents.
Nor are respondents entitled as a matter of law to the protection of the business judgment rule with respect to the Cathay Import loan. The transaction was affected by an inherent conflict of interest arising from respondents' control of the entities on either side; respondents failed to meet their burden to prove its fairness (see Wolf v Rand, 258 AD2d 401, 404 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK