Mahabir v Snyder Realty Group, Inc. (2023 NY Slip Op 03342)

Mahabir v Snyder Realty Group, Inc.

2023 NY Slip Op 03342

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-04521
 (Index No. 518053/20)

[*1]Ashram Mahabir, respondent, 
v
Snyder Realty Group, Inc., appellant, et al., nominal defendant.

Avi Rosenfeld, Lawrence, NY, for appellant.
Law Offices of Jason J. Rebhun, P.C., New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 2, 2021. The order, insofar as appealed from, denied the defendant's cross-motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross-motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint as time-barred is granted.
In 2009, the plaintiff allegedly was the victim of a foreclosure rescue scam whereby the defendant, Snyder Realty Group, Inc., fraudulently induced the plaintiff to convey title to his property in foreclosure to the defendant by promising that the defendant would pursue a short sale of the property on the plaintiff's behalf.
In 2015, the plaintiff commenced an action against the defendant, asserting causes of action alleging breach of contract, fraud, intentional misrepresentation, and home equity theft. That action was subsequently dismissed due to the plaintiff's failure to comply with court orders.
Thereafter, on September 24, 2020, the plaintiff commenced the instant action. On November 25, 2020, the plaintiff filed an amended complaint asserting causes of action (1) for a judgment declaring that the 2009 deed conveying the subject property to the defendant was invalid and rescinded on the ground that the plaintiff was fraudulently induced into conveying the property to the defendant, (2) to quiet title to the property pursuant to RPAPL article 15, (3) to recover damages for unjust enrichment, and (4) to rescind the 2009 deed pursuant to Real Property Law § 265-a.
Following joinder of issue, the plaintiff moved for summary judgment on the amended complaint. The defendant cross-moved pursuant to CPLR 3211(a)(5) to dismiss the amended complaint as time-barred. By order dated June 2, 2021, the Supreme Court, inter alia, denied the defendant's cross-motion. The defendant appeals.
"Actions for declaratory judgments are not ascribed a certain limitations period. The [*2]nature of the relief sought in a declaratory judgment action dictates the applicable limitations period. Thus, if the action for a declaratory judgment could have been brought in a different form asserting a particular cause of action, the limitations period applicable to the particular cause of action will apply" (Waldman v 853 St. Nicholas Realty Corp., 64 AD3d 585, 587 [citations omitted]; see Schulman v Schulman, 166 AD3d 833, 834). Here, the cause of action for declaratory relief could have been, and previously was, brought in the form of causes of action to recover damages for fraud and intentional misrepresentation. Since the instant action was commenced more than six years after the plaintiff allegedly was fraudulently induced to convey title to the property and more than two years from the discovery of the alleged fraud, the cause of action for declaratory relief was time-barred (see Schulman v Schulman, 166 AD3d at 834; DiRaimondo v Calhoun, 131 AD3d 1194, 1198).
Generally, "[a]ctions to quiet title are governed by a 10-year statute of limitations pursuant to CPLR 212(a)" (Stevens v Communicare Props., LLC, 111 AD3d 614, 615). However, "[i]n determining the appropriate Statute of Limitations to be applied, the remedy sought and not merely the name the plaintiff attaches to the cause of action determines the applicable limitations period" (Matter of Malatestinic v Board of Educ. of City of N.Y., 132 AD2d 661, 662; see QK Healthcare, Inc. v InSource, Inc., 108 AD3d 56, 65; Frumento v On Rite Co., Inc., 66 AD3d 828, 830).
Here, the second cause of action does not seek to quiet the plaintiff's title to the subject property, but rather, it seeks to void the defendant's title to the property by virtue of the plaintiff's claim that the plaintiff was fraudulently induced into conveying title to the defendant. Accordingly, this cause of action is governed by the six-year statute of limitations governing actions based upon fraud and, therefore, was untimely.
A cause of action alleging unjust enrichment is governed by a six-year statute of limitations and begins to accrue upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered (see CPLR 213[1]; Coombs v Jervier, 74 AD3d 724; Reiner v Jaeger, 50 AD3d 761). Here, the cause of action to recover damages for unjust enrichment accrued on July 2, 2009, when the deed conveying title to the defendant was executed, and, therefore, this cause of action was also time-barred.
Likewise, the cause of action alleging a violation of Real Property Law § 265-a seeks to have the 2009 deed voided and rescinded and to have title to the property returned to the plaintiff. Pursuant to Real Property Law § 265-a(8), an equity seller may seek to void and rescind a transaction that violates the provision "within two years of the date of the recording of the conveyance of the residential real property." Pursuant to Real Property Law § 265-a(9), "[a]n equity seller may bring an action for the recovery of damages or equitable relief against an equity purchaser . . . within six years after the date of the alleged violation." Here, the cause of action alleging a violation of Real Property Law § 265-a was time-barred since it was commenced more than two years after recordation of the subject deed and more than six years after the alleged fraudulently induced conveyance.
Accordingly, the Supreme Court erred in denying the defendant's cross-motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint as time-barred.
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court