22-3098-cv
Repicci v. Jarvis

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

DR. JOHN A. REPICCI, LORRAINE REPICCI,
JULIE STONE, as Trustee of the JOHN A.
REPICCI IRREVOCABLE LIFE INSURANCE
TRUST and as Trustee of The REPICCI
IRREVOCABLE FAMILY TRUST,

      *Plaintiffs-Appellants*,

      v.                            No. 22-3098-cv

CHRISTOPHER JARVIS,

      *Defendant-Cross-Defendant-Appellee*,

OJM GROUP, LLC,

*Defendant-Cross-Claimant-Appellee.*

------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS:          TIMOTHY J. GRABER, Gibson,
                                    McAskill & Crosby, LLP,
                                    Buffalo, NY

FOR DEFENDANT-CROSS-
DEFENDANT-APPELLEE:                 MATTHEW TRACY, Winget,
                                    Spadafora & Schwartzberg
                                    LLP, New York, NY

FOR DEFENDANT-CROSS-
CLAIMANT-APPELLEE:                  JEREMY M. AMAR-DOLAN
                                    (Andrew P. Devine, *on the
                                    brief*), Phillips Lytle LLP,
                                    Buffalo, NY


Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

The Plaintiffs appeal from a November 8, 2022 judgment of the United States District Court for the Western District of New York (Skretny, *J.*) in favor of Christopher Jarvis, with whom the Plaintiffs had worked to obtain three life

insurance policies, and OJM Group, Jarvis's former investment firm. The

Plaintiffs brought suit on January 6, 2017 asserting various claims of negligence

against Jarvis and OJM and breach of fiduciary duty against Jarvis, all related to

the purchase and monitoring of two of the life insurance policies: the Lincoln

'026 Policy purchased in 2002 and the Lincoln '144 Policy purchased in 2006.

Applying New York law, the District Court dismissed the negligence claims

against Jarvis and OJM as untimely but allowed the breach of fiduciary duty

claims against Jarvis to proceed. The Plaintiffs subsequently withdrew the

breach of fiduciary duty claim against Jarvis relating to the 2006 Lincoln '144

Policy, and the District Court granted summary judgment to Jarvis on the

remaining breach of fiduciary duty claim against him on the basis that it was

untimely. We assume the parties' familiarity with the underlying facts and the

record of prior proceedings, to which we refer only as necessary to explain our

decision to affirm.

A. **Breach of Fiduciary Duty Claim**

Beginning with the Plaintiffs' breach of fiduciary duty claim against Jarvis,

we largely agree with the District Court's decision and order granting summary

judgment to Jarvis, although we rely on somewhat different reasoning to

conclude that the continuing wrong doctrine is inapplicable.   The continuing wrong doctrine "serves to toll the running of a period of limitations to the date of the commission of the last wrongful act."   *Henry v. Bank of Am.*, 48 N.Y.S.3d 67, 70 (1st Dep't 2017) (quotation marks omitted).   A plaintiff relying on the continuing wrong doctrine may recover damages only "to the extent of wrongs committed within the applicable statute of limitations."   *Id.*   Although the Plaintiffs' breach of fiduciary duty claim is premised on alleged wrongful actions in connection with both the purchase of a life insurance policy and the subsequent monitoring of it, there is no evidence in the record that Jarvis engaged in any wrongful act within the three-year limitations period.   To the contrary, the record suggests that the problems with the life insurance policy that the Plaintiffs now identify had arisen before January 6, 2014.[1]   Accordingly, the continuing wrong doctrine does not apply to toll the statute of limitations.

We also agree with the District Court that the statute of limitations was not

---

[1] The Plaintiffs point to correspondence from March 2014 and July 2015 and argue that Jarvis had a duty to advise the Plaintiffs at these times that their life insurance policy "was in jeopardy, that it was poised to lapse before age 100, and that further premiums were required in order to maintain the death benefit."   Appellant's Br. 40.   Having reviewed the record, we conclude that the Plaintiffs were aware of the policy's purported defects at this time and that Jarvis advised the Plaintiffs exactly as they claim he should have.

tolled by equitable estoppel.   The Plaintiffs' argument for equitable estoppel

tolling rests on Jarvis's failure to take certain actions to protect the Plaintiffs'

interests.   But a court cannot toll a statute of limitations under the equitable

estoppel doctrine based on "mere silence or failure to disclose . . . wrongdoing,"

*Ross*, 8 N.Y.3d at 491 (quotation marks omitted).

Finally, we agree with the District Court that, as a matter of law, the

continuous representation doctrine did not toll the statute of limitations here.

The Plaintiffs have presented evidence that from the start, Jarvis promised – and

the Plaintiffs expected – that he would continue to advise them into the future in

connection with the policy purchased in 2002.   *See Regency Club at Wallkill, LLC

v. Appel Design Grp.*, 976 N.Y.S.2d 164, 168 (2d Dep't 2013) ("Continuity of

representation may be found to exist where the professional and the client

explicitly contemplate the periodic performance of professional services in the

future.").   A factfinder could conclude that at the time of the 2002 purchase, the

Plaintiffs "were left with the reasonable impression that [Jarvis] was, in fact,

actively addressing" their needs.   *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 169

(2001).

But Jarvis and Plaintiffs ceased to have any communication between 2007

5

and 2011, giving the Plaintiffs "reasonable notice" that Jarvis was no longer providing ongoing professional services with respect to the 2002 policy. *Id.* at 171. On this record, a reasonable factfinder could not find that Jarvis's representation of the Plaintiffs with respect to the 2002 policy continued into the limitations period.[2]

The Plaintiffs also argue that their breach of fiduciary duty claim is timely even if no tolling doctrine applies because their claim accrued no earlier than July 8, 2015, when Jarvis stated in an email that he was "working on John's policy" and endeavoring "to fix the situation." Joint App'x 604. The Plaintiffs argue that their claim could not have accrued before the time that email was sent because they learned that Jarvis "could not do anything more to remedy the situation" only at some later point. Appellant's Br. 34. Because the Plaintiffs did not make this argument before the District Court, we review for plain error. *Kogut v. County of Nassau*, 789 F.3d 36, 45 (2d Cir. 2015). We conclude that the

---

[2] The District Court did not address whether there was any genuine dispute of material fact concerning the existence of a fiduciary relationship between Jarvis and the Plaintiffs. *See Voss v. Netherlands Ins. Co.*, 22 N.Y.3d 728, 734–35 (2014). Jarvis and the Plaintiffs now both argue to us that they were entitled to summary judgment on that issue. We need not address these arguments because we conclude that even if Jarvis owed the Plaintiffs a fiduciary duty, the claims arising from his alleged breaches of that duty are untimely.

6

District Court did not commit plain error when it determined that the breach of fiduciary duty claim is barred by the statute of limitations. The Plaintiffs' breach of fiduciary duty claim accrued "as soon as [it] bec[ame] enforceable, i.e., when all elements of the tort c[ould] be truthfully alleged in a complaint." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 140 (2009) (quotation marks omitted). The elements of a breach of fiduciary duty claim are "(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct." *DeMartino v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 137 N.Y.S.3d 116, 119 (2d Dep't 2020) (quotation marks omitted). As the District Court noted, these elements were met – and thus the claim accrued – when, well before January 6, 2014, Jarvis allegedly failed to monitor the Plaintiffs' insurance policy and the Plaintiffs suffered damages. Accordingly, the District Court did not plainly err by concluding that the breach of fiduciary claim was untimely.

### B. Negligence Claims

Turning to the negligence claims, we affirm the District Court's dismissal. The Plaintiffs do not dispute that those claims accrued before January 6, 2014, the beginning of the limitations period, and that any claims that accrued before that

7

date would be barred by New York's three-year statute of limitations. Instead, the Plaintiffs rely on the same three tolling doctrines to assert that their claims are nonetheless timely.

We conclude that the District Court correctly determined that each of the tolling doctrines that the Plaintiffs raised is inapplicable to the District Court's dismissal of the negligence claims. The equitable estoppel doctrine does not apply because there are no allegations in the complaint that Jarvis took any action to induce the Plaintiffs not to timely file suit. *See Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491 (2007). The continuous representation doctrine does not apply because there are no allegations in the complaint that Jarvis was engaged to represent the Plaintiffs in connection with the 2002 policy at any time after 2006. And the continuing wrong doctrine does not apply because the Plaintiffs' complaint makes clear that the negligence claims are premised solely on the initial purchase of two life insurance policies, and not on a "series of individual wrongs." *CWCapital Cobalt VR Ltd v. CWCapital Investments LLC*, 145 N.Y.S.3d 61, 66 (1st Dep't 2021).

The Plaintiffs rely on the same arguments to contend that the District Court should have denied OJM Group's motion for judgment on the pleadings.

8

Accordingly, for the same reasons we affirm the District Court's dismissal of the negligence claims, we affirm the District Court's grant of judgment on the pleadings to OJM Group.

*    *    *

We have considered the Plaintiffs' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court