Kravets v Striano (2024 NY Slip Op 03814)

Kravets v Striano

2024 NY Slip Op 03814

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-08927
 (Index No. 524611/20)

[*1]Aleksandr Kravets, appellant, 
v
Zhanna Striano, respondent. Tini Law P.C., West Islip, NY (Francesco P. Tini of counsel), for appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring a certain deed null and void and to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated September 29, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
Between February 2009 and December 2010, the defendant loaned the plaintiff approximately $200,000 (hereinafter the loan). In February 2011, the plaintiff executed a deed conveying title to certain real property to the defendant. In December 2020, the plaintiff commenced this action, inter alia, for a judgment declaring the deed null and void and to recover damages for fraud. The plaintiff alleged, among other things, that the defendant, with whom he was in a romantic relationship at the time, fraudulently induced him to execute the deed by promising him that the defendant would not record the deed and that the deed would serve only as security for the loan.
The defendant moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint. The plaintiff opposed the motion. In an order dated September 29, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818 [internal quotation marks omitted]; see Sunyoung Jung v Reiner & Kaiser Assoc., 220 AD3d 643, 645). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (HSBC Bank USA, N.A. v Corrales, 224 AD3d at 818 [internal quotation marks omitted]; see U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d 1750, 1752).
Here, in support of her motion, the defendant submitted the deed, which was executed by the plaintiff on February 4, 2011, and the property transfer documents filed with the Office of the [*2]City Register of the City of New York, which established that the defendant recorded the deed on March 29, 2011. Therefore, the defendant established, prima facie, that the action, which was not commenced until December 2020, was time-barred (see HSBC Bank USA, N.A. v Corrales, 224 AD3d at 819; Mahabir v Snyder Realty Group, Inc., 217 AD3d 850, 852). As the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether he actually commenced the action within the applicable limitations period in response to the defendant's prima facie showing, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
The plaintiff's remaining contentions, raised for the first time on appeal, are not properly before this Court (see English v Wainco Goshen 1031, LLC, 218 AD3d 444, 445; Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court