York v York (2025 NY Slip Op 01129)

York v York

2025 NY Slip Op 01129

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-02770
2021-07124
2021-08318
 (Index No. 719749/19)

[*1]Esther York, appellant,
v
William Z. York, et al., respondents.

Esther York, Holliswood, NY, appellant pro se.
Tamir Law Group, P.C., New York, NY (Alexander Markus of counsel), for respondents William Z. York and Betty Offman York.
Jonathan E. Kroll & Associates, PLLC, Garden City, NY, for respondent Joseph York.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and unjust enrichment, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated March 4, 2021, (2) an order of the same court dated March 29, 2021, and (3) an order of the same court dated October 6, 2021. The order dated March 4, 2021, granted the motion of the defendants William Z. York and Betty Offman York pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The order dated March 29, 2021, granted the motion of the defendant Joseph York pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him. The order dated October 6, 2021, denied the plaintiff's motion for leave to reargue her opposition to the separate motions of the defendants William Z. York and Betty Offman York and the defendant Joseph York pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the appeal from the order dated October 6, 2021, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated March 4, 2021, is affirmed; and it is further,
ORDERED that the order dated March 29, 2021, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiff and the defendant Joseph York (hereinafter Joseph) are married and are involved in lengthy and protracted divorce litigation. According to the amended complaint in this action, during the marriage, Joseph formed "numerous" companies with the defendant William Z. York (hereinafter William). After a divorce action was commenced, in 1994, William and Joseph [*2]entered into a "Stock Purchase Agreement," wherein William agreed to pay Joseph $71,881.95 in exchange for Joseph's interests in four companies they co-owned. After the transfer, Joseph continued to work at the companies, but his salary was significantly reduced in 2003.
In 2019, the plaintiff commenced this action, inter alia, to recover damages for fraud and unjust enrichment. The amended complaint alleged that during the divorce action, the plaintiff obtained money judgments against Joseph as a result of his failure to pay court-ordered support and that to avoid paying those money judgments, Joseph intentionally reduced his salary and William and the defendant Betty Offman York (hereinafter Betty) agreed to pay Joseph's living expenses.
"A cause of action based upon fraud must be commenced within six years from the time of the fraud, or within two years from the time the fraud was discovered, or with reasonable diligence could have been discovered, whichever is longer" (Pare v Pare, 222 AD3d 765, 768 [internal quotation marks omitted]). "Where a plaintiff relies upon the two-year discovery exception to the six-year limitations period, the burden of establishing that the fraud could not have been discovered prior to the two-year period before the commencement of the action rests on the plaintiff who seeks the benefit of the exception" (Cannariato v Cannariato, 136 AD3d 627, 627 [alteration and internal quotation marks omitted]). Here, the alleged fraud occurred in 2003, when Joseph's salary was significantly reduced and his living expenses were paid by William and Betty. The six-year limitations period would begin to run at that time and would end in 2009. Moreover, the plaintiff would have been aware of the alleged fraud by 2016, when Joseph testified at a deposition that he only earned $26,000 per year and that William and Betty paid his living expenses. Since the plaintiff commenced this action in November 2019, more than six years after the alleged fraud occurred and more than two years after it could have been discovered with reasonable diligence, her fraud claims are time-barred under either limitations period.
Contrary to the plaintiff's contention, the untimeliness of the fraud claims is not cured by tolling under the continuing wrong doctrine. The continuing wrong doctrine "is usually employed where there is a series of continuing wrongs and serves to toll the running of a period of limitations to the date of the commission of the last wrongful act" (Affordable Hous. Assoc., Inc. v Town of Brookhaven, 150 AD3d 800, 802 [internal quotation marks omitted]). The doctrine allows only tolling "predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct" (Matter of Salomon v Town of Wallkill, 174 AD3d 720, 721 [internal quotation marks omitted]). "The distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs" (Henry v Bank of Am., 147 AD3d 599, 601 [internal quotation marks omitted]). Here, the plaintiff's allegations amount to a single wrong that has continuing effects (see Matter of Salomon v Town of Wallkill, 174 AD3d at 721-722; Henry v Bank of Am., 147 AD3d at 602).
The unjust enrichment cause of action is also time-barred. "A cause of action alleging unjust enrichment is governed by a six-year statute of limitations and begins to accrue upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered" (Mahabir v Snyder Realty Group, Inc., 217 AD3d 850, 852; see Star Auto Sales of Queens, LLC v Filardo, 203 AD3d 865, 868). Here, the statute of limitations began to run in 2003, when the alleged wrongful act occurred, and since the present action was not commenced until 2019, the unjust enrichment cause of action is time-barred.
In light of our determination, we need not reach the plaintiff's remaining contentions.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court