Tiburcio v Grant Ave. Bronx Realty Corp. (2025 NY Slip Op 02669)

Tiburcio v Grant Ave. Bronx Realty Corp.

2025 NY Slip Op 02669

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Renwick, P.J., Manzanet-Daniels, Higgitt, Rosado, Michael, JJ. 

Index No. 803478/24|Appeal No. 4239|Case No. 2024-04730|

[*1]Felix Tiburcio et al., Plaintiffs-Appellants,
v
Grant Ave. Bronx Realty Corp., Defendant-Respondent.

Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellants.
The Rosenfeld Law Office, Lawrence (Avinoam Rosenfeld of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered July 11, 2024, which granted defendant's CPLR 3211(a)(5) motion to dismiss the complaint as barred by the statute of limitations, unanimously affirmed, without costs.
Plaintiffs commenced this action on or about February 29, 2024, asserting causes of action for, inter alia, conversion, fraud, and breach of contract, challenging their sale of the property to defendant, which took place 10 years prior on March 26, 2014. According to plaintiffs, the sale was premised on defendant's promise to pay off the property's underlying mortgage, however, defendant never had any intention of fulfilling its promises to effectuate a short sale on plaintiffs' behalf and relieve them of the mortgage. As a result of defendant's alleged failure to pay off the mortgage, the lender commenced a foreclosure against plaintiffs in 2017. Supreme Court correctly determined that defendant's alleged failure to pay off the mortgage, resulting in the 2017 foreclosure action, did not qualify as "a series of independent, distinct wrongs" to toll the applicable statutes of limitations under the "continuous wrong doctrine" (Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017]). The doctrine is inapplicable where, as here, there is one tortious act complained of because "the cause of action accrues in those cases at the time that the wrongful act first injured plaintiff and it does not change as a result of 'continuing consequential damages'" (id.).
Plaintiffs' cause of action under the newly enacted Real Property Actions and Proceedings Law § 1501(6) is also unavailing, as the statute does not apply retroactively to the sale of the property (see e.g. Marrero v Crystal Nails, 114 AD3d 101, 111 [2d Dept 2013]) and, on this record, is otherwise inapplicable (see RPAPL 1501[6]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025