Hersko v Hersko (2026 NY Slip Op 00120)

Hersko v Hersko

2026 NY Slip Op 00120

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-00653
 (Index No. 510092/21)

[*1]Barry Hersko, et al., respondents, 
vDenissi Hersko, et al., appellants, et al., defendant.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Lisa Colosi Florio, Aaron Zucker, and Melanie I. Wiener of counsel), for appellants.
Blank Rome LLP, New York, NY (Craig M. Flanders, Rachel L. Cohn, and Avery I. Normyle of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, to impose constructive trusts upon certain real properties, and to recover damages for breach of fiduciary duty, breach of contract, and unjust enrichment, the defendants Denissi Hersko, Rivky Hersko, Malky Hersko, Yidi Wertzberger, Toby Khan, and Mehe, LLC, appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated January 4, 2024. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first through eleventh and thirteenth causes of action in the amended complaint insofar as asserted against them, to cancel certain notices of pendency, and for an award of attorneys' fees.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Denissi Hersko, Rivky Hersko, Malky Hersko, Yidi Wertzberger, Toby Khan, and Mehe, LLC, which were pursuant to CPLR 3211(a) to dismiss the first, second, fourth, fifth, sixth, eleventh, and thirteenth causes of action in the amended complaint insofar as asserted against them, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs commenced this action, inter alia, for declaratory relief, to impose constructive trusts upon certain real properties, and to recover damages for breach of fiduciary duty, breach of contract, and unjust enrichment arising from the purchase and transfer of four separate properties located in Brooklyn. The first through fifth causes of action in the amended complaint alleged, among other things, that the defendant Denissi Hersko (hereinafter Denissi) fraudulently transferred ownership of property located at 1322 59th Street from the plaintiffs to herself. The sixth and seventh causes of action in the amended complaint alleged that Denissi and the defendants Malky Hersko (hereinafter Malky) and Yidi Wertzberger breached an agreement to repay the plaintiffs and to record a mortgage in favor of the plaintiff Barry Hersko (hereinafter Barry) for funds he lent to them to purchase property located at 1639 59th Street. The eighth through eleventh causes of action in the amended complaint alleged, inter alia, that Denissi and the defendant Toby Khan fraudulently used the plaintiffs' funds to purchase property located at 1368 58th Street in Denissi's [*2]and Khan's names. The thirteenth cause of action in the amended complaint alleged that Malky breached her promise to record a mortgage in favor of Barry and to repay the money he lent to her to purchase property located at 5023 15th Avenue.
Denissi, Malky, Wertzberger, Khan, and the defendants Rivky Hersko (hereinafter Rivky) and Mehe, LLC (hereinafter collectively the defendants), moved, among other things, pursuant to CPLR 3211(a) to dismiss the first through eleventh and thirteenth causes of action in the amended complaint insofar as asserted against them, to cancel certain notices of pendency, and for an award of attorneys' fees. In an order dated January 4, 2024, the Supreme Court, inter alia, denied those branches of the motion. The defendants appeal.
The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, to cancel a deed transferring ownership of the property located at 1322 59th Street to Denissi, in the amended complaint insofar as asserted against them. "RPAPL 1501(1) provides that a person who claims an estate or interest in real property may maintain an action to compel the determination of any claim adverse to that of the plaintiff" (McWhite v I & I Realty Group, LLC, 210 AD3d 1069, 1073). Here, the third cause of action adequately stated a cause of action pursuant to RPAPL article 15, as it alleged that Barry was the sole member of the plaintiff HF Realty Holdings, LLC (hereinafter HF Realty), that Barry funded HR Realty's purchase of the property located at 1322 59th Street, and that Denissi had no interest in the property located at 1322 59th Street because she fraudulently obtained her interest therein through a forged deed. Contrary to the defendants' contention, the third cause of action is timely, as it is subject to a limitations period of 10 years, not 6 years (see CPLR 212[a]; Faison v Lewis, 25 NY3d 220, 227; Simmons v Bell, 220 AD3d 647, 648-649).
The Supreme Court also properly determined that the seventh and tenth causes of action in the amended complaint adequately stated causes of action for breach of fiduciary duty against Denissi, as these causes of action alleged that Denissi breached her fiduciary duty to the plaintiffs when she, in effect, betrayed the plaintiffs' interests in the purchase of the properties located at 1639 59th Street and 1368 58th Street, respectively. Contrary to the defendants' contentions, the amended complaint adequately alleged a fiduciary relationship between the plaintiffs and Denissi based upon their close familial and business relationship (see Berkovits v Berkovits, 190 AD3d 911, 915-916).
The Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the eighth and ninth causes of action in the amended complaint insofar as asserted against them. The eighth cause of action adequately stated a cause of action against Denissi and Khan to cancel a deed transferring ownership of the property located at 1368 58th Street to Denissi and Khan, as it alleged that Denissi fraudulently used Barry's money to purchase the property located at 1368 58th Street for herself and Khan, rather than for Barry.
The ninth cause of action adequately stated a cause of action against Denissi and Khan to impose a constructive trust upon the property located at 1368 58th Street. "[A] constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him [or her] into a trustee" (Simonds v Simonds, 45 NY2d 233, 241 [internal quotation marks omitted]; see Galasso, Langione & Botter, LLP v Galasso, 176 AD3d 1176, 1183-1184). "The elements of a constructive trust are: (1) a confidential or fiduciary relationship, (2) [an express or implied] promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise" (Galasso, Langione & Botter, LLP v Galasso, 176 AD3d at 1184 [internal quotation marks omitted]). "However, since it is an equitable remedy, a constructive trust is necessarily flexible to accomplish its purpose" (Chavez v Morales, 232 AD3d 757, 760 [internal quotation marks omitted]). Here, the ninth cause of action alleged that Denissi had a fiduciary or confidential relationship with the plaintiffs, that the plaintiffs instructed Denissi to purchase the property located at 1368 58th Street in Barry's name for the purpose of Khan residing there, but that Denissi instead used the plaintiffs' funds to purchase the property for herself [*3]and Khan. These allegations were sufficient to allege a cause of action to impose a constructive trust upon the property located at 1368 58th Street (see Galasso, Langione & Botter, LLP v Galasso, 176 AD3d at 1183-1184). Contrary to the defendants' contention, the fact that the plaintiffs never had an ownership interest in the property located at 1368 58th Street prior to the transaction was not fatal to the ninth cause of action, to impose a constructive trust upon the property located at 1368 58th Street (see id.).
However, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first and second causes of action in the amended complaint insofar as asserted against them. "Actions for declaratory judgments are not ascribed a certain limitations period. The nature of the relief sought in a declaratory judgment action dictates the applicable limitations period" (Waldman v 853 St. Nicholas Realty Corp., 64 AD3d 585, 587 [citation omitted]; see Mahabir v Snyder Realty Group, Inc., 217 AD3d 850, 851-852). The statute of limitations for an action based upon fraud generally is six years from the date the cause of action accrued (see CPLR 213[8]). The first and second causes of action were for declarations that Denissi fraudulently transferred to herself ownership interests in HF Realty and the property located at 1322 59th Street. Contrary to the plaintiffs' contention, the defendants established, prima facie, that the first and second causes of action were untimely, as the amended complaint alleged that Denissi's fraud in obtaining those interests occurred more than six years before the commencement of this action (see Mahabir v Snyder Realty Group, Inc., 217 AD3d at 852; Schulman v Schulman, 166 AD3d 833, 834).
Similarly, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the fourth cause of action, to impose a constructive trust upon the property located at 1322 59th Street, and fifth cause of action, to recover damages for unjust enrichment, in the amended complaint insofar as asserted against them. Causes of action to impose a constructive trust upon real property and to recover damages for unjust enrichment are governed by a six-year statute of limitations, which begins to accrue at the time of the wrongful act giving rise to the duty of restitution (see Chavez v Morales, 232 AD3d at 760; Mahabir v Snyder Realty Group, Inc., 217 AD3d at 852). Here, both the fourth and fifth causes of action in the amended complaint were based upon Denissi's alleged fraudulent acquisition of ownership interests in HF Realty and the property located at 1322 59th Street, which occurred more than six years before the commencement of this action.
The Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the sixth and thirteenth causes of action, to recover damages for breach of contract, in the amended complaint insofar as asserted against them. The statute of frauds requires any contract transferring or creating an interest in real property to be in writing (see General Obligations Law § 5-703[1]; Cancilla v O'Rourke, 232 AD3d 1175, 1177; Duffy v Leteri, 222 AD3d 838, 839). Here, both the sixth and thirteenth causes of action in the amended complaint alleged that Denissi, Malky, Wertzberger, and Rivky breached their agreements to assign or obtain a mortgage in favor of the plaintiffs. A mortgage constitutes an interest in real property, and the agreements to transfer or obtain mortgages in favor of the plaintiffs, therefore, were required to be in writing. Since the plaintiffs do not dispute that these agreements were not in writing, the sixth and thirteenth causes of action in the amended complaint are barred by the statute of frauds (see General Obligations Law § 5-703[1]; Barretti v Detore, 95 AD3d 803, 805-806).
Finally, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the eleventh cause of action, to recover damages for unjust enrichment, in the amended complaint insofar as asserted against them. "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790). "[U]njust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff" (id.). Here, the eleventh cause of action in the amended complaint alleged that Denissi and Khan were unjustly enriched when they [*4]used the plaintiffs' funds, meant to purchase the property located at 1638 58th Street in Barry's name, to instead purchase the property in their names. However, since the plaintiffs also asserted causes of action to cancel the deed to the property located at 1638 58th Street pursuant to RPAPL article 15, to impose a constructive trust upon the property located at 1638 58th Street, and to recover damages for breach of fiduciary duty based upon the same facts, the eleventh cause of action, to recover damages for unjust enrichment, in the amended complaint is duplicative (see Corsello v Verizon N.Y., Inc., 18 NY3d at 790-791).
The parties' remaining contentions either are without merit, need not be reached in light of our determination, or were improperly raised for the first time in the defendants' reply papers before the Supreme Court.
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, fourth, fifth, sixth, eleventh, and thirteenth causes of action in the amended complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court